[L. A. Nos. 641 and 642.  Department Two.—October 21, 1899.]

MICHAEL LEONIS, Executor of Jean Leonis, Deceased, Respondent, v. ANNA G. LEFFINGWELL, Appellant.—L. A. No. 641.  F. A. MAURICIO, Administrator of Estate of Jean Leonis, Deceased, et al., Respondents, v. ANNA G. LEFFINGWELL, Appellant.—L. A. No. 642.

Estates of Deceased Persons—Judgment against Administrator Personally—Unfilled Blank for Costs—Amendment against Estate. A judgment in an ejectment suit entered by the clerk after verdict against an administrator, who had been substituted for a deceased plaintiff, in which a blank for costs against him personally was left unfilled after cost bill filed, cannot be amended by the record, as a clerical misprision, so as to have the costs made payable only out of the estate of the deceased plaintiff. There being no record evidence to show that the judgment entered was not the correct judgment of the court, it must, if erroneous, stand as the judgment until reversed.

Id.—Laches—Loss of Remedy.—While a proper proceeding might have been instituted to have the blank for costs filled, if commenced within proper time, yet a proceeding to have the judgment for costs made chargeable against the estate of the deceased plaintiff is barred by laches, when not instituted until nearly eight years after the entry of the judgment, and not until after the death of the substituted administrator, without other substitution.

APPEALS from an order of the Superior Court of Los Angeles County denying a motion to amend a judgment and from an order in probate rejecting the judgment as a claim against the estate of a deceased person.  W. H. Clark, Judge.

The facts are stated in the opinion of the court.

Wells & Lee, for Appellant.

H. H. Appel, R. Dunnigan, and Reymert & Orfila, for Respondents.

McFARLAND, J.—These two appeals were argued and submitted and will be considered together.

No. 641 is an appeal by defendant Leffingwell from an order denying her motion to have a judgment in her favor amended;

CXXVI. Cal.—24

and No. 642 is an appeal by said Leffingwell from an order in probate rejecting said judgment as a claim against the estate of said Jean Leonis, deceased. If the order refusing to amend the judgment in No. 641 was right, as we think it was, then the order in No. 642 rejecting the judgment as a claim against the estate was also right, and both orders should be affirmed.

The facts in No. 641 are these: The action was ejectment and was brought by Jean Leonis, since deceased, on the sixteenth day of October, 1886, against Anna G. Leffingwell, who answered, denying the averments of the complaint. Afterward, and before the action was tried, Jean Leonis died, and his executor, Michael Leonis, was substituted as plaintiff. The case was afterward tried with a jury, and on the fifteenth day of June, 1888, the jury returned a verdict in favor of the defendant. On June 16, 1888, a judgment was entered in which, after the usual recitals, including a recital of the verdict, it was adjudged that plaintiff take nothing by the action, "and that the said defendant, Anna G. Leffingwell, do have and recover from said plaintiff, Michael Leonis, executor of the last will and testament of Jean Leonis, deceased, her costs and disbursements incurred in this action, amounting to the sum of ———— dollars." On the same day the defendant filed her cost bill, which on the twentieth day of July, 1888, was, on motion, taxed in the sum of six hundred and eighty-six dollars and fifty-five cents; but the costs as taxed were never entered in the judgment. The judgment stood as originally entered, without any further proceedings thereon until the ninth day of March, 1896—which was nearly eight years after the date of the entry of the judgment. On the last-named day the defendant Leffingwell moved the superior court for an order requiring the clerk of the court to enter the amount of the costs as taxed in the blank space in the judgment, and to add to the judgment the following words: "And that said judgment be and the same is hereby payable out of the estate of Jean Leonis, deceased, in the due course of administration thereof." The court refused to grant the motion, and from the order so refusing the appeal in No. 641 is taken.

In 1889 the executor, Michael Leonis, died; and although several administrators of the estate were afterward appointed,

no person was ever substituted in the place of Michael Leonis as a party plaintiff.

Appellant contends that her motion to amend the judgment should have been granted because the part of the original judgment which awarded costs against the administrator personally was a mere clerical mistake or misprision, which could be amended by the record. Nearly all the cases to which we have been referred, where judgments have been amended for clerical mistakes, were cases where the clerk had incorrectly entered the judgment which the court had rendered. It is evidently that class of cases to which Mr. Freeman refers in the long quotation which appellant makes from his work on Judgments. He there says: "All courts have inherent power to correct clerical errors at any time, and to make the judgment entry correspond with the judgment rendered; . . . . where the record contains sufficient matter to show that the judgment entered is not the one rendered it may be corrected," et cetera; and again: "In whatever respect the clerk may have erred in entering judgment, the court may, on proper evidence, nullify the error by making the judgment entry fully and correctly express the judgment rendered." In the case at bar, it does not appear that the court rendered any judgment, or that the clerk incorrectly entered any judgment, order, or instruction of the court. Neither, indeed, does it appear that the court did not direct the clerk to enter the very judgment which was entered—as the court could have done under section 1031 of the Code of Civil Procedure. The act of the clerk in entering the judgment was not a clerical misprision within the meaning of any of the authorities to which we have been referred, nor is there any record by which it could be amended in the respect asked for. When a judgment for costs should be against an administrator, and when it should be "made chargeable only upon the estate," are questions about which sections 1031 and 1509 are somewhat conflicting. (See *Reay v. Butler,* 99 Cal. 479, 480.) If therefore, in the case at bar, the judgment for costs was erroneous because it was against the executor personally and not made chargeable only upon the estate, it was, like any other erroneous judgment, reversible on appeal; but it was not the result of a mere clerical misprision which could be amended by the record. In both Bur-

rill's and Black's Law Dictionaries "clerical error" is defined as "a mistake in copying or writing; the mistake of a clerk in writing." In Rapalje the definition is: "A mistake in copying or transcribing a written instrument"; in Wharton, "a mistake in copying." There are references in these books to *Villars v. Parry*, 1 Lord Raymond's Reports, where the distinction between a clerical mistake and an erroneous judgment is clearly pointed out. The case at bar cannot be distinguished from *Morrison v. Dapman*, 3 Cal. 255, except that the case at bar is stronger in favor of the respondent here than the Morrison case was in favor of the appellant there. That also was eject- ment brought by an administrator where the defendant recovered; and the judgment pronounced by the court was that "the defendants do recover their costs." There was no further direction by the court as to costs; but the clerk when entering the judgment put in this clause, "and it is further ordered, et cetera, that said judgment be levied, and paid out of the effects of said deceased in the hands of said administrator and unadministered." Six months afterward, defendants' attorney moved to amend the original judgment by striking out the clause above quoted, and the court granted the motion and amended the judgment for costs so as to make it against the administrator personally. On appeal, the order was reversed and the court said: "A court may at any time render or amend a judgment nunc pro tunc. But this power is confined to cases where the record discloses that the entry on the minutes does not correctly give what was the judgment of the court. If there is no record evidence to show that the judgment was different from the one entered, the latter must stand as the judgment until reversed."

Under the foregoing views it is not necessary to notice the many other points made by respondent in support of the orders appealed from; as, for instance, that no appeal will lie because there is no plaintiff to the action; that, if the amendment could have been made by the court at all it should have been made, under section 473 of the Code of Civil Procedure, within six months after the judgment; that the judgment could not be amended at the time of the motion to amend because it was then lifeless under the statute of limitations; and that both

appeals should be dismissed for various other reasons given. Perhaps the clerk could have been compelled by *mandamus*, or other proceeding, to insert the amount of the costs as taxed in the blank in the judgment, if a proceeding for that purpose had been commenced in time; but that matter is of little importance here, as the main purpose of the appellant is to have the judgment for costs made chargeable against the estate. Such a proceeding would now be barred by laches.

The order appealed from in L. A. No. 641 is affirmed, and the order appealed from in L. A. No. 642 is also affirmed.

Temple, J., and Henshaw, J., concurred.