[S. F. No. 3526. Department Two.—December 26, 1903.]

In the Matter of the Estate of CHARLES R. POTTER, Deceased. SHERMAN BROS., Appellants, v. JOSEPH POTTER, Administrator, Respondent.

Estates of Deceased Persons—Judgment Dismissing Petition—Amendment Nunc pro Tunc—Costs—Time for Appeal.—Where a judgment dismissing a petition against an administrator for the specific performance of a contract of sale made by the decedent was subsequently amended *nunc pro tunc*, so as to tax the costs against the petitioner, an appeal will lie from the judgment as amended within sixty days after the date of the amendment.

Id.—Power of Court as to Costs not Asked—Silence of Judgment—Amendment.—Though the court had discretion as to costs upon the dismissal of such petition, yet where costs were not prayed for in the answer, and the judgment was advisedly silent as to costs, the court had no power at a subsequent time to amend the judgment *nunc pro tunc* so as to include costs not originally contemplated.

Id.—Judicial Errors not Amendable Nunc pro Tunc.—The object of entering judgments and decrees as of some previous date is to supply matters of evidence and to rectify clerical misprisions, but not to enable the court to correct judicial errors. If the court has not rendered the judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy such errors by ordering an amendment *nunc pro tunc* of a proper judgment.

APPEAL from a judgment of the Superior Court of Solano County. S. K. Dougherty, Judge, entering order for

costs *nunc pro tunc*.   Emmett Seawell, Judge, refusing to vacate order *nunc pro tunc*.

The facts are stated in the opinion of the court.

Haskell & Denny, and J. T. Campbell, for Appellants.

Lyman Green, and F. A. Meyer, for Respondent.

HENSHAW, J.—A petition was filed by the appellants in the matter of the estate of the deceased, seeking specific performance of a contract for the sale and conveyance of land made by deceased with them.   The proceedings were under section 1597 and 1598 of the Code of Civil Procedure.   The administrator made answer, controverting the alleged right to compel the conveyance, and concluded by a prayer that the petitioners take nothing by their petition.   After hearing, the court dismissed the petition without prejudice, as contemplated by section 1602 of the Code of Civil Procedure.   The decree was entered accordingly.   This decree was entered upon the eleventh day of June, 1902.   Some months thereafter the administrator filed his ''notice of a motion for judgment *nunc pro tunc*,'' by which he proposed to ask the court to amend its judgment by adding thereto a judgment for costs against the petitioners, stating that the motion would be made upon the ground ''that said administrator inadvertently failed on said eleventh day of June, to ask for said judgment, and upon the ground that said court at any time has the right to enter said judgment.''   The court did order its judgment amended *nunc pro tunc*, and taxed the costs against the petitioners in the sum of $158.   From this judgment as amended they appeal.   Various other orders were made by the court, and a contention arises between the parties as to whether or not these orders are appealable.   But without entering into a minute examination and discussion of them, it is sufficient here to say that, giving fullest weight to the action of the trial court in the premises, it amounted to a modification and amendment of its judgment.   From the judgment so amended and modified an appeal taken within sixty days will lie.   (*Estate of Corwin*, 61 Cal. 160; *Stuttmeister* v. *Superior Court*, 71 Cal. 322.)

We are of the opinion that under section 1720 of the Code of Civil Procedure it was within the power of the court to have awarded costs upon the determination of this proceeding. It is true that costs follow the final determination or judgment, as an incident thereto, but the petitioners had invoked this proceeding, had failed therein, and the result was a judgment or decree of dismissal. That judgment or decree did not finally determine their right to a conveyance, but it did finally determine their rights in that particular proceeding, and within the discretion of the court, as contemplated by section 1720, the expenses of the contest against the estate which they had invoked could justly have been taxed against them. Upon the other hand, it was equally competent for the court to have ordered each party to the contest to bear and pay his own costs, or what in law would have been the equivalent, to have made no order whatsoever concerning costs. This last is precisely what the court did. Its decree was silent upon the matter. Moreover, the administrator in his answer did not ask for costs. The question thus presented is whether such a judgment so entered may thereafter be amended by the court so as to include costs.

This, under the circumstances shown, we think the court had not the power to do. Undoubtedly the ground of motion upon the part of the administrator afforded no legal reason nor legal excuse for the court's action. The fact that a party litigant inadvertently fails to ask for a judgment, confers neither power upon the court to order nor right upon the litigant to seek a modification of such judgment as the court may have advisedly given. There remains the only other question whether or not the court has, as asserted in the motion and here argued, the inherent power at any time to enter such a judgment. We think it has not such power. The object of entering judgments and decrees as of some previous date is to supply matters of evidence and to rectify clerical misprisions, but not to enable the court to correct judicial errors. If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy such errors by ordering an amendment *nunc pro tunc* of a proper judgment. (Freeman on Judgments, secs. 61, 68; *Morrison* v.

*Dapman,* 3 Cal. 255; *In re Skerrett,* 80 Cal. 63; *Leonis* v. *Leffingwell,* 126 Cal. 372; *Cowdery* v. *London etc. Bank,* 139 Cal. 298.[1])

The amendment to the judgment in the case at bar is within the limitation and prohibition of this principle. It was the attempt by the court not to correct a clerical misprision, not to supply omitted evidentiary matter, but at a later date to enter a judgment which originally it had never contemplated entering, though at the time of giving the original judgment it might have caused it to be entered.

The appeal from so much of the judgment as awards costs against appellant is therefore sustained, with directions to the trial court to deny the administrator's application for a modification of the judgment so as to allow him costs, and to strike from the judgment the award of costs against appellants herein.

Lorigan, J., and McFarland, J., concurred.

---

[1] 96 Am. St. Rep. 115, and note.