[L. A. No. 7090. In Bank.—June 1, 1923.]

## WILLIAM GOATMAN et al., Respondents, v. O. B. FULLER et al., Appellants.

[1] JUDGMENT—ACTION TO SECURE ASSIGNMENT OF LEASE AND POSSESSION OF LAND—ERROR IN DESCRIPTION—NATURE OF—CORRECTION—JURISDICTION.—Where a complaint in an action to secure the assignment of a lease and to recover possession of the land covered thereby erroneously described a part of said land, and such erroneous description was carried into the judgment in favor of plaintiffs, the only evidence showing any irregularity in the record appearing *aliunde* in the affidavits of the respective parties, the misdescription was neither a judicial error nor clerical misprision, but it was a mistake on the part of the plaintiffs in copying the lease; and the court had no power in such a situation to amend the judgment upon its own motion or upon motion of a party, where more than six months had elapsed after the judgment was entered before steps were taken to amend it.

[2] ID.—AMENDMENT OF JUDGMENT—REVERSAL—EVIDENCE.—An order amending the judgment so as to correct an error in description of the land covered by the lease will not be reversed, even though more than six months had elapsed after the judgment was entered before steps were taken to amend it, where the subject matter of the suit was the lease itself, which was sufficiently identified without reference to the description of the land.

[3] ID.—POSSESSION—DESCRIPTION.—In such an action, it was not necessary that the land be described in the judgment to enable the sheriff to put plaintiffs in possession of the land, where by reference to the lease, which was ordered delivered up, the description of the land could be ascertained.

APPEAL from an order of the Superior Court of Orange County amending judgment. R. Y. Williams, Judge. Affirmed.

The facts are stated in the opinion of the court.

U. T. Clotfelter and E. T. Lucey for Appellants.

Anderson & Anderson for Respondents.

LAWLOR, J.—This action was originally brought by the plaintiffs to have themselves declared to be the owners of

a certain lease of real property; to compel the defendants to transfer the lease to them and to account to them for all the rents, issues, and profits of the leased premises. Pursuant to findings of fact and conclusions of law made and filed by the court, an interlocutory decree was entered in favor of the plaintiffs on July 7, 1919, which decree was subsequently affirmed on appeal. (50 Cal. App. 403 [195 Pac. 256].) No question of the merits of the case is involved in this proceeding.

In their complaint plaintiffs incorporated what purported to be a copy of the lease, containing the following description of the land: "The NE¼ of Section 30, containing 160 acres, the NE¼ of Section 29, containing 160 acres, in Township 4 South, Range 11 West, S. B. B. and M., less that portion included in the county roads." This description was adopted in the findings of fact by reference to the paragraph of the complaint in which it appeared. It was set out *verbatim* in the interlocutory decree. On April 25, 1921, after the affirmance of the decree on appeal and twenty-one months after its rendition, the plaintiffs moved the court to amend the complaint, findings and decree by *nunc pro tunc* order, so that whenever in them occurred the words "the NE¼ of Section 29, containing 160 acres," they be changed and amended to read "the NW¼ of Section 29, containing 160 acres."

An affidavit by counsel for the plaintiffs was filed in support of the motion, setting forth that when the complaint was drafted by him he was supplied by the plaintiffs with what purported to be a correct copy of the lease, which copy was set forth in the complaint; that the copy was not a true copy of the original, in that it contained the error in description now sought to be corrected; that the error persisted in all subsequent papers in the case and became a part of the findings and judgment; that his attention was first called to the scrivener's mistake by counsel for the defendants after the affirmance of the interlocutory decree on appeal; that the case was tried by all the parties upon the assumption and belief that the property actually involved was that described by the lease; that the defendants were at all times in possession of one of the originals of the lease, had full knowledge of the true description of the property and could not have been misled by the partial mis-

description. An affidavit in opposition to the motion was filed by the defendants' attorney, in which he set up that the proceeding was barred by section 473 of the Code of Civil Procedure; that the ends of justice would not be served by the amendment, in that the defendants would be compelled to surrender possession of 160 acres of land not described in the complaint and would be punished for a fault of the plaintiffs; that it is immaterial whether or not the defendants were misled, for they had the right to stand on the case made out by the complaint and that the situation in which the plaintiffs now find themselves is wholly due to their inexcusable neglect and mistake, as they were in possession of an original duplicate of the lease at the time of the trial and inserted a full copy of it in the transcript on appeal. The court granted plaintiffs' motion and ordered the complaint, findings, and decree amended as prayed. From that order defendants take this appeal, insisting this is not a case in which the court has inherent power to amend its judgment, and that, as more than six months had elapsed since its rendition, no such power is granted by section 473 of the Code of Civil Procedure, which provides: ''The court may . . . upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken. . . . ''

Respondents' position is that the decision of the court upon which the decree was given was for an assignment by appellants of the lease actually executed, and for possession by respondents of the property described in the lease, not of that misdescribed in the copy contained in the complaint; that the error of misdescription entered into the judgment itself and that the judgment did not therefore speak verity as to what was in fact decided by the court. They further insisted that the issue in the suit was the ownership of the lease in question; that the effect of the decree was that the lease belonged to them and should be turned over to them; that the land covered by the lease should be put in their possession and that the correction was merely of a clerical error and in no sense altered the substance of the judgment.

In *Scamman* v. *Bonslett,* 118 Cal. 93 [62 Am. St. Rep. 226, 50 Pac. 272], the plaintiff sued to foreclose a mortgage. No deficiency judgment was asked and none was originally granted. About seventeen months after the judgment was rendered it was amended to include a deficiency judgment against one of the defendants. The amendment was held to be void. With respect to the right of a court to amend its judgment, it was said:

"A court may at any time render or amend a judgment where the record discloses that the entry on the minutes does not correctly give what was the judgment of the court. (*Morrison* v. *Dapman,* 3 Cal. 255.)

"Any error or defect in a record occurring through acts of omission or commission of the clerk in entering or failing to properly enter of record the judgment or proceedings of the court—in short, what may be termed clerical misprisions—may, the record affording the evidence thereof, be corrected at any time by the court upon its own motion or on motion of an interested party either with or without notice. Where, however, an inspection of the record does not show the error, and resort must be had to evidence *aliunde,* courts will require notice to be given of a motion to amend a judgment to the parties to be affected thereby, and a motion for the amendment of a judgment in such last-mentioned case must, under section 473 of the Code of Civil Procedure, be made within six months, except in cases where personal service of summons has not been had, in which cases the court may grant relief within one year after the entry of judgment. [Citing cases.]

"Again, amendments to judgments can only be allowed for the purpose of making the record conform to the truth, not for the purpose of revising and changing the judgment. (Black on Judgments, sec. 156.) The same author adds:

" 'If, on the other hand, the proposed addition is a mere afterthought, and formed no part of the judgment as originally intended and pronounced, it cannot be brought in by way of amendment.' "

This case was cited with approval in *Herd* v. *Tuohy,* 133 Cal. 55, 61 [65 Pac. 139], and in *City and County of San Francisco* v. *Brown,* 153 Cal. 644, 651 [96 Pac. 281], and the rules therein declared were also followed in *Dreyfuss* v. *Tompkins,* 67 Cal. 339 [7 Pac. 732], *Fallon* v. *Brittan,* 84

Cal. 511 [24 Pac. 381], *Bemmerly* v. *Woodward*, 124 Cal 568 [57 Pac. 561], *Fay* v. *Stubenrauch*, 141 Cal. 573 [75 Pac. 174], *Takekawa* v. *Hole*, 170 Cal. 323 [149 Pac. 593], *Mader* v. *Christie*, 52 Cal. App. 138 [198 Pac. 45], and numerous other cases.

In *Estate of Potter*, 141 Cal. 424 [75 Pac. 850], the trial court had amended a judgment previously rendered by allowing costs. The modification was ordered stricken from the judgment, this court declaring that "The object of entering judgments and decrees as of some previous date is to supply matters of evidence and to rectify clerical misprisions, but not to enable the court to correct judicial errors. If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy such errors by ordering an amendment *nunc pro tunc* of a proper judgment. [Citing authorities.]" It was held in *First Nat. Bank of Fresno* v. *Dusy*, 110 Cal. 69 [42 Pac. 476], that an improper amendment of a judgment was "unauthorized and beyond the jurisdiction of the court, and therefore void," and in *Byrne* v. *Hoag*, 116 Cal. 1 [47 Pac. 775], that the court was without *jurisdiction* to make such an amendment.

In the case at bar the error is in no way disclosed by the record. The complaint stated a cause of action to secure the assignment of a lease and to recover possession of the land covered thereby. The description of the land is set out in the judgment-roll but twice; once in the complaint and once in the judgment. In other places the land is simply referred to as that described in the complaint. Nowhere is it described by metes and bounds or in any other manner by reference to which the error in the description sought to be corrected might be made to appear. (See *Fallon* v. *Brittan, supra; Bemmerly* v. *Woodward, supra; Halpern* v. *Superior Court*, 190 Cal. 384 [212 Pac. 916].) [1] The misdescription was neither a judicial error nor clerical misprision. It was a mistake on the part of the plaintiffs.

The findings were based upon the facts as stated in the complaint and the judgment granted the relief prayed for. In the last recital of the judgment, the court declared the lease covered the land described, and gave the description contained in the complaint. As far as appears from the

record, the court decided the issues as they were presented
to it and rendered its judgment accordingly. There is no
clerical misprision and no difference between the decision of
the court as rendered and the record of that decision as
embodied in the judgment. The only evidence tending to
show there is any irregularity in the record appears *aliunde*
in the affidavits of the respective parties. Under the author-
ities cited above, the court had no power in such a situation
to amend the judgment upon its own motion or upon motion
of a party, for more than six months had elapsed after the
judgment was entered before steps were taken to amend it.

[2] However, we have reached the conclusion that the
rights of the appellants could not have been prejudicially
affected by the amendment and that it is unnecessary, under
section 475 of the Code of Civil Procedure, to reverse the
order.

This action was originally brought, not to recover the
real property described nor to quiet title thereto, but to com-
pel appellants to assign a certain lease, and in our view
sufficient facts appear from the record to entitle respondents
to enforce their rights. The lease itself is fully identified
in the complaint, answer, findings, and judgment. It is
described as one dated September 24, 1917, executed by the
Artesian Land Company to O. B. Fuller.

It was alleged in the complaint that the lease was one
made in favor of Fuller solely as security for money due
to him from one Peter Karales; that Fuller took and held
the lease in trust for that purpose for Karales, his successors
and assigns; that on December 4, 1918, the obligations of
Karales to appellants were discharged and that Karales as-
signed to respondents all his interest in the lease and the
leased premises; that respondents demanded the lease of
appellants, which appellants refused to deliver, and that
appellants still hold the lease and possession of the premises
described therein. Respondents prayed that they be ad-
judged the owners of the lease and entitled to the rents and
profits of the demised premises and to any and all subleases
appellants might have executed; that appellants be directed to
account to them for such rents and profits and to produce
and assign all subleases to respondents, and that appellants
be required to set out any claims they might have in the
premises adverse to respondents.

Appellants alleged in their answer that the Artesian Land Company executed and delivered the lease mentioned in the complaint, but that O. B. Fuller did not take it as trustee for Karales. They admitted by not denying that they had possession of the leased premises and denied their obligation to turn over the lease. The court, in its findings of fact, conclusions of law, and judgment, followed generally the terms of the complaint. The relief prayed for was granted and at the end of the judgment the statement was inserted that the lease covered the land described in the complaint.

In view of these facts there can be no uncertainty in the minds of any of the parties as to the identity of the lease in question. The decree did not purport to quiet title to the land nor to remove a cloud from respondents' title. The subject matter of the suit was the lease itself, which was sufficiently identified without reference to the description of the land. The description may, therefore, be regarded as surplusage. Under these circumstances appellants are entirely unwarranted in refusing to deliver up the lease described, and respondents are entitled to the assistance of the court in compelling them to do so.

[3] A further question is presented in this connection by the fact that in addition to ordering the surrender of the lease, the court ordered appellants to surrender possession of the land covered thereby. For the respondents to be able to enforce their rights the judgment must, of course, be definite enough to enable the sheriff to put respondents in possession of the land. But it is not necessary to accomplish this that the land be described in the judgment. It was held in *Kelly* v. *McKibben,* 54 Cal. 192, that "The mode of describing the property recovered in the judgment is not one that we can conscientiously recommend as a precedent. But the description is not uncertain. *Certum est quod certum reddi potest.* The reference in the judgment to the finding, and in the finding to the complaint, for a description of the property, is inexcusably circuitous, but not ambiguous." The judgment in the case before us was, therefore, sufficient without the description, for by reference to the lease, which was ordered delivered up, the description could be ascertained. The amendment only served to make more certain that which already appeared by reference. No other effect could have been given to

the judgment as amended than to it as it originally stood. It makes no difference to either party, therefore, whether or not the court assumed jurisdiction when it had none and corrected the error. What it did was a nullity which cannot affect the enforcement of the judgment, and in such a situation the question in reality becomes moot.

We are aware of no authority holding that the action of a trial court might be upheld notwithstanding that it acted without jurisdiction. However, in *Re McGrew*, 183 Cal. 177, 181 [190 Pac. 804, 806], wherein the trial court vacated an order of adoption more than six months after it was rendered, upon appeal from the second order, it was said: "She [appellant] contends that the six months allowed by section 473 of the Code of Civil Procedure within which to apply for relief by motion or petition in the case itself had fully expired before the petition was filed, and that the only other mode by which relief on the ground of fraud or mistake can be obtained is by an action in the nature of a bill in equity. If the point were good, a proposition which it is not necessary here to determine, it would not be sufficient as ground for reversal, since it would be an error in procedure and pleading only. (Const., art. VI, sec. 4½.)" This statement, although not necessary to the decision of the case, would indicate that the provision does not affect the court's jurisdiction but is simply a matter of procedure, an error, or defect in which, if not prejudicial, would not warrant a reversal.

Moreover, it is not questioned that the description of the land originally contained in the judgment is erroneous. Therefore, the only effect of a reversal of the order would be to remit respondents to an action in equity, in which they clearly would be entitled to have the judgment amended. (*Young* v. *Fink,* 119 Cal. 107 [50 Pac. 1060] ; *In re McGrew, supra.*) To obviate any such further proceedings, let the order be affirmed.

Lennon, J., Waste, J., Kerrigan, J., and Seawell, J., concurred.

MYERS, J., Concurring.—I concur with the judgment, but I dissent from that portion of the main opinion which holds that the court had no power to amend its judgment

under the circumstances here obtaining after six months had elapsed. I think that a court of record always retains the jurisdiction and power to correct its own records so as to make them speak the truth in those cases wherein the error corrected consists merely of a clerical error or misprision, provided there are no intervening rights of innocent third parties to be affected thereby. I think that this rule applies equally whether the clerical error was one made by the clerk or by the judge, but I agree that it does not apply to amendments made for the purpose of revising or changing the judgment, or of adding something thereto which formed no part of the judgment as originally intended and pronounced. This was a case of clerical error made by the judge in embodying in the decision of the court a misdescription of the premises. He was induced thereto by the original error of the scrivener in making a copy of the lease, but it was nothing more than a clerical misprision which resulted in the fact that the decision signed and filed by the judge did not truly set forth the decision actually rendered by him. Under these circumstances I think the trial court acted within its jurisdiction and power in making the correction complained of.

Wilbur, C. J., concurred.