[Civ. No. 4979. First Appellate District, Division One.—September 26, 1924.]

KATHERINE DOWD (a Widow) et al., Petitioners, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

[1] RECORDS — INSTRUCTIONS — TRANSCRIPT ON APPEAL — CORRECTION OF—JURISDICTION.—A trial court does not exceed its jurisdiction in correcting a transcript on appeal, which has already been certified as being correct, by showing what instructions contained in the transcript were given by the trial court of its own motion, what instructions were given at the request of plaintiffs and defendants, and what instructions were proposed by the plaintiffs but refused by the trial court.

[2] ID.—CORRECTION OF ERRORS AND DEFECTS—JURISDICTION.—A court of record has the inherent right and power to cause its acts and proceedings to be correctly set forth in its records, and errors or defects in its records may be corrected at any time by the court, on its own motion, or on motion of either party.

[3] ID.—ORDER CORRECTING TRANSCRIPT—CERTIORARI—PRESUMPTIONS.— On a proceeding in *certiorari* to annul an order of the trial court correcting a transcript on appeal so as to show the instructions given by the court of its own motion and at the request of the parties, and those proposed and refused, it must be presumed that the trial court, in conformity with the provisions of section 953a of the Code of Civil Procedure, directed that the transcript on appeal to be prepared set forth all testimony, instructions, and all objections and exceptions of counsel and matters to which the same related.

[4] ID. — INSTRUCTIONS OMITTED FROM TRANSCRIPT — CONTENTIONS ON APPEAL.—On such proceeding, in view of the rule which precludes a litigant from complaining of the giving by the court of its own motion or at the request of the other litigant, instructions which involve the same principles of law upon which he himself has requested and proposed instructions, it becomes important to know what instructions were requested by said litigant and which were by the court refused.

---

(1) 4 **C. J.**, p. 492, sec. 2239, p. 493, sec. 2240. (2) 4 **C. J.**, p. 493, sec. 2240. (3) 4 **C. J.**, p. 502, sec. 2259. (4) 4 **C. J.**, p. 502, sec. 2259 (Anno.).

1. See 2 **Cal. Jur.** 677; 2 **R. C. L.** 154.
2. See 2 **Cal. Jur.** 679; 14 **Cal. Jur.** 991; 15 **R. C. L.** 673.
3. See 2 **Cal. Jur.** 886; 21 **Cal. Jur.** 898; 2 **R. C. L.** 222; 22 **R. C. L.** 472.

PROCEEDING on Certiorari to annul an order of the City and County of San Francisco correcting transcript on appeal. Daniel C. Deasy, Judge. Writ denied.

The facts are stated in the opinion of the court.

Ed F. Jared, Mervyn R. Dowd, Bert Schlesinger and S. C. Wright for Petitioners.

Ford & Johnson for Respondents.

KNIGHT, J.—Petition for a writ of *certiorari* to review and annul an order made on June 2, 1924, by the superior court of the city and county of San Francisco, department 13, granting a motion to correct a transcript on appeal, which had theretofore been certified to as correct by the trial court. The following are the facts:

The petitioners herein, on May 8, 1919, filed separate actions in said superior court against the Atlas Taxicab & Auto Service Co. et al. to recover damages for personal injuries sustained by them through the alleged negligent acts of the defendants. By stipulation said actions were tried together, and verdicts were rendered in favor of the defendants. Upon appeal both judgments were reversed, upon the ground principally that the jury had been erroneously instructed on the question of contributory negligence. (*Dowd* v. *Atlas Taxicab & Auto Service Co. et al.*, 187 Cal. 523 [202 Pac. 870].) Upon the second trial verdicts were again rendered in favor of the defendants. Plaintiffs again appealed and filed the usual notice pursuant to the provisions of section 953a of the Code of Civil Procedure requesting a transcript "of the testimony offered or taken, evidence offered or received, and all rulings, instructions, acts, or statements of the court, also all objections and exceptions of counsel and all matters to which the same relate," etc. In due course the record on appeal was prepared, which contained the reporter's and the clerk's transcripts; after notice the reporter's transcript was duly certified to by the trial judge.

One of the main points made by appellants upon the second appeal is that the trial court, in violation of the law stated

in the decision rendered on the first appeal, had again erroneously instructed the jury upon the question of contributory negligence. In reply respondents contend that the point raised by appellants is not available to them for the reason that they themselves had proposed instructions similar to those given by the court and of which they are now complaining. The statement of respondents that appellants had offered similar instructions is denied by appellants in their closing brief. When the matter of said appeal upon the merits came on for argument before this court on the thirteenth day of May, 1924, it was pointed out that the only instructions set forth in the transcript were those actually given to the jury, and that said transcript did not contain any of the instructions offered by the respective parties and by the court refused, nor did the record show whether the instructions actually given were proposed by appellants or by respondents or were given by the court of its own motion. The cause was then continued upon the calendar until June 9, 1924, for the purpose of allowing the parties to ascertain the state of the record in the trial court relative to said instructions. Thereafter, on May 17, 1924, respondent served notice of motion, in the trial court, that it would on May 23, 1924, "move said court for an order correcting the transcript on appeal herein by inserting following the charge of the court to the jury contained in said transcript on appeal as follows, to wit:

"Of the foregoing instructions of the Court to the jury instructions Nos. I to XXIV inclusive were given by the Court of its own motion.

"Instructions Nos. XXIV to XXXIII inclusive were given by the Court at the request of plaintiffs and appellants.

"Instructions XXXIV to XLII inclusive were given by the Court at the request of defendants and respondents.

"In addition to the instructions given at the request of plaintiffs and appellants, said plaintiffs and appellants requested the Court to instruct the jury as follows": Then follows copies of certain instructions which defendants claim were proposed by plaintiffs but not given.

Said motion was heard upon affidavits which raised the question of fact as to whether or not the instructions proposed by the respective parties upon the question of con-

tributory negligence and not given by the court were withdrawn, after they were so proposed but before the jury had been instructed. Defendants' motion was granted upon the ground "that the stenographic reporter of this court in preparing the transcript on appeal herein inadvertently omitted to designate which of the instructions contained therein were given by the court of its own motion and which at the request of the plaintiffs, and which at the request of the defendants, and also omitted certain instructions requested by plaintiff upon the question of contributory negligence, all of which appears from the records herein and in order that said transcript on appeal may conform to the truth."

Plaintiffs thereupon instituted this proceeding in *certiorari* to annul said order.

On June 9, 1924, the matter of said appeal upon the merits again came on for argument before this court and at the same time this proceeding in *certiorari* was presented. During the hearing copies of two sets of instructions were offered for filing. One set consisted of all instructions proposed by plaintiffs and indorsed by the trial judge as either given, modified, or refused. The other set consisted of those instructions proposed by the defendants, which likewise contained the indorsement of the trial judge that they had been either given, modified, or refused. The date on which those indorsements were made does not appear, but both sets were filed in the trial court on June 9, 1924, "*nunc pro tunc* as of June 28, 1922." It was agreed that in the event that this petition for a writ of *certiorari* be denied, both sets of instructions offered for filing should become a part of the record on appeal instead of only the limited number of plaintiff's instructions which were set forth in said notice of motion.

[1] We are of the opinion that the trial court did not exceed its jurisdiction in making the order which the petitioners by this proceeding seek to annul. [2] It has been repeatedly held that a court of record has the inherent right and power to cause its acts and proceedings to be correctly set forth in its records. (*Kaufman v. Shain,* 111 Cal. 16 [52 Am. St. Rep. 139, 43 Pac. 393].) "The right of a court of general jurisdiction to amend or correct its records so that

they shall speak the truth is too well recognized to need any argument." (*Crim* v. *Kessing,* 89 Cal. 478 [23 Am. St. Rep. 491, 26 Pac. 1074].) Such errors or defects may be corrected at any time by the court, on its own motion, or on motion of either party. (*Brush* v. *Pacific Electric Ry. Co.,* 58 Cal. App. 501 [208 Pac. 997]; *Gulf Mail Steamship Co.* v. *W. A. Hammond Steamship Co.,* 67 Cal. App. 424 [227 Pac. 938].) **[3]** It must be presumed that the trial court, in conformity with the provisions of section 953a of the Code of Civil Procedure, directed that the transcript on appeal to be prepared herein set forth all testimony, instructions, and all objections and exceptions of counsel and matters to which the same related. Through inadvertence and oversight and in the performance of the ministerial duty of assembling the necessary papers, documents, and files to make up said record on appeal, the instructions proposed by the parties and which were refused by the court were omitted. In other words, the record on appeal as certified to by the trial court did not speak the truth. On account of the absence from said record of the instructions offered by the respective parties and which were by the court refused, said parties have no means of taking advantage of the exceptions given by law for the refusal on the part of the court to give instructions. **[4]** Furthermore, in view of the rule which precludes a litigant from complaining of the giving by the court of its own motion or at the request of the other litigant, instructions which involve the same principles of law upon which he himself has requested and proposed instructions (*Charves* v. *Terminal Rys.,* 44 Cal. App. 221 [186 Pac. 154]), it becomes important to know what instructions were requested by said litigant and which were by the court refused. Therefore the importance of having the omitted instructions made a part of the record on appeal becomes at once apparent.

The petition for said writ is denied.

Tyler, P. J., and St. Sure, J., concurred.