[Civ. No. 3183.    Third Appellate District.—January 22, 1927.]

## KATHRYNE HAYNES, Respondent, v. LOS ANGELES RAILROAD CORPORATION, Appellant.

[1] COURTS—POWER TO CORRECT RECORDS—JURISDICTION.—Every court of record has inherent power to correct its records so that they shall conform to the facts and speak the truth, and likewise correct any error or defect occurring in a record through acts of omission or commission of the clerk in entering of record judgments or orders of the court, either on its own motion or on motion of an interested party.

[2] ID. — LIMITATION OF POWER TO CORRECT RECORDS—JUDGMENTS. — A court in the exercise of its inherent power to correct its records is not authorized to do more than to make them conform to the actual facts, and cannot, under the form of an amendment, correct a judicial error, or make of record an order or judgment that was never in fact given.

[3] ID.—FAILURE OF CLERK TO ENTER ORDER GRANTING NEW TRIAL—AMENDMENTS—NUNC PRO TUNC ORDERS.—A trial judge, by certifying a bill of exceptions as being correct, is not foreclosed from thereafter entering a *nunc pro tunc* order correcting an order granting a motion for new trial, which the clerk had failed to enter as instructed.

[4] APPEAL—ORDER GRANTING NEW TRIAL—OMISSION OF GROUNDS—CORRECTION OF RECORDS — NUNC PRO TUNC ORDERS — PRESUMPTIONS.—Where the record on appeal is silent as to whether the trial court had directed the clerk to specify in an order granting a new trial the grounds upon which it was granted, the appellate court will presume that a *nunc pro tunc* order correcting the order granting a new trial was valid, since every intendment is in favor of the validity and regularity of such order.

[5] ID.—COURTS — CORRECTION OF CLERICAL ERRORS — JURISDICTION.—Where an appeal was taken from the original order granting a new trial, the trial court did not lose jurisdiction over the order, but had the power to enter a *nunc pro tunc* order correcting a clerical error in the original order, where no substantial rights were affected.

[6] COURTS — CORRECTION OF CLERICAL ERRORS — TIME. — A clerical error or omission in an order granting a motion for a new trial does not have to be corrected within six months, since courts may

---

1.  See 22 Cal. Jur. 584; 23 R. C. L. 166.
2.  See 14 Cal. Jur. 999.

correct clerical errors or omissions in their records at any time and are in no way affected by the provisions of section 473 of the Code of Civil Procedure.

(1) 15 C. J., p. 975, n. 10, p. 976, n. 12, p. 977, n. 40, p. 978, n. 41. (2) 15 C. J., p. 976, n. 11.    (3) 15 C. J., p. 975, n. 10.    (4) 4 C. J., p. 782, n. 44.    (5) 3 C. J., p. 1266, n. 11.    (6) 15 C. J., p. 977, n. 29.

APPEAL from a *nunc pro tunc* order of the Superior Court of Los Angeles County correcting an order granting motion for a new trial.   Frank R. Willis, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher, Norman S. Sterry and I. C. Powers for Appellant.

Randall, Bartlett & White, Thos. P. White, Vincent C. Hickson and A. P. G. Steffes for Respondent.

PRESTON, J., *pro tem.*—This is an appeal by defendant, Los Angeles Railway Corporation, from a *nunc pro tunc* order made by the superior court of Los Angeles County on August 23, 1924, in the above-entitled case.

The record is brought to this court upon a bill of exceptions, and the facts necessary to a correct understanding of the issue involved are these:

The plaintiff, Kathryne Haynes, brought the above-entitled action in the superior court of Los Angeles County to recover damages from the defendant, Los Angeles Railway Corporation, for personal injuries. A trial was had before Honorable Frank R. Willis, Judge, sitting with a jury, and the jury rendered a verdict in favor of the defendant, upon which judgment was duly entered. Thereafter, and on the twenty-sixth day of June, 1923, the plaintiff, Kathryne Haynes, gave notice of her intention to move for a new trial upon all of the statutory grounds mentioned in section 657 of the Code of Civil Procedure, including "Insufficiency of the evidence to justify the verdict." This motion was brought on regularly for hearing on July 21, 1923, and the court, after hearing the arguments of counsel on both sides, granted the motion for a new trial, and the bill of exceptions here recites the following: "Made and entered the following order, and none other: 'The plaintiff having

moved the court for a new trial upon the grounds stated in her notice of intention now on file, and the court having considered the same, it is ordered that the plaintiff's said motion for a new trial be, and the same is hereby granted.' "

From this order the defendant regularly appealed to the supreme court and prepared and served its bill of exceptions, which was stipulated as correct by the plaintiff and certified by the judge who tried the case to be correct. Thereafter, the record, including the judgment-roll and bill of exceptions, was printed and stipulated by counsel for plaintiff as correct and filed in the supreme court. Thereafter, and within the time allowed by law, and by stipulation of the parties, the defendant prepared, served, and filed its opening brief in support of its appeal from said order granting plaintiff a new trial.

Thereafter, and on the 12th of June, 1924, the plaintiff served and filed the following notice of motion:

"You and each of you, will please take notice that the above named plaintiff, will on the 18th day of June, 1924, . . . move said court to correct the minutes of said court in the above entitled cause, to conform to the facts, to-wit: amend the order granting plaintiff's motion for a new trial to read as follows:

" 'The motion for a new trial having been heretofore submitted to the court for decision, and the court having fully considered the same, it is ordered that said motion be, and the same is hereby, granted upon the grounds of the insufficiency of the evidence to sustain the verdict, and that the verdict is against law.'

"Said motion will be based upon the files and records in this case, and upon the fact that at the time Honorable Frank R. Willis, judge of this court, granted plaintiff's motion for a new trial, he granted the same upon the grounds that the verdict is against law and of the insufficiency of the evidence to justify the verdict, but that the clerk of this court omitted to recite in said minute order that the plaintiff's motion for a new trial was granted upon said grounds of insufficiency of the evidence to justify the verdict and that the verdict is against law. . . . "

This motion, having been regularly continued, was heard on the eighteenth day of July, 1924, before the same judge who tried the case and granted the new trial. Plaintiff

submitted the motion solely upon the minutes of the court and no other evidence was offered in support thereof. Defendant placed in evidence the bill of exceptions, already settled and allowed in the case, to which was attached the stipulation of counsel and the certificate of the trial judge as to its correctness as above referred to.

In support of her motion plaintiff contended that it was within the power of the court to correct the minute order of July 21, 1923, on the recollection of the court. Defendant contended that the court had no power at all, and especially no power on the showing made, to correct or amend the said minute order of July 21, 1923. The court took the matter under advisement and on August 23, 1924, made and entered the *nunc pro tunc* order here appealed from, which is as follows:

"In the above entitled action the plaintiff filed on June 26, 1923, her notice of motion for a new trial on all the statutory grounds, and noticed the same for July 18, 1923, at which time the matter came on for hearing.

"Plaintiff, having abandoned the first seven grounds of her motion by failure to file affidavits, and the tenth ground by failure to file specifications of error in law occurring at the trial, the court proceeded to hear said motion upon the two remaining grounds, viz.:

"Insufficiency of the evidence to justify the verdict; and

"That the verdict is against law.

"The cause was duly called, argued and submitted, and afterwards on July 21, 1923, the court, being satisfied from the minutes, evidence and record of the cause, that the evidence was insufficient to sustain the verdict and that the verdict was against law, granted plaintiff's motion for a new trial on those grounds and instructed the clerk to enter an order granting plaintiff's motion for a new trial. No written opinion nor order was filed, but the matter was left with the clerk to properly extend the order in the proper book of minute entries. That afterwards the clerk entered said order in the manner and form set forth in the transcript of the case now on file. That afterwards, on June 12, 1924, plaintiff filed herein her notice of motion to correct the minutes of the clerk to conform to the facts in the case, and the matter having been duly noticed, argued and submitted,

"It is hereby ordered that the minutes of the court be corrected to conform to the facts of the case and that said minutes be amended to read as follows:

" 'The motion for a new trial having been heretofore submitted to the court for decision, and the court having fully considered the same, it is ordered that said motion be, and the same is hereby granted upon the grounds of the insufficiency of the evidence to sustain the verdict, and that the verdict is against law,' and that said order be entered *nunc pro tunc* as of July 21, 1924.

"August 23, 1924.

"FRANK R. WILLIS, Judge."

[1]    The rule is well settled in this state that every court of record has the inherent power to correct its records so that they shall conform to the facts and speak the truth, and likewise correct any error or defect occurring in a record through acts of omission or commission of the clerk in entering of record the judgments or orders of the court, and such correction may be made at any time by the court on its own motion, or on motion of an interested party. (*Brush* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 501–503, [208 Pac. 997]; *Crim* v. *Kessing*, 89 Cal. 478 [23 Am. St. Rep. 491, 26 Pac. 1074]; *Kaufman* v. *Shain*, 111 Cal. 19, [52 Am. St. Rep. 139, 43 Pac. 393]; *Halpern* v. *Superior Court*, 190 Cal. 387 [212 Pac. 916]; *Gulf Mail Steamship Co.* v. *Hammond Steamship Co.*, 67 Cal. App. 420–423 [227 Pac. 938].)

[2]    It is equally well established that the court in the exercise of this power is not authorized to do more than to make its records conform to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never, in fact, given. The above-cited cases are ample authority for this rule, to which, however, may be added: *Estate of Potter*, 141 Cal. 424 [75 Pac. 850]; *Leonis* v. *Leffingwell*, 126 Cal. 369 [58 Pac. 940]; *Goatman* v. *Fuller*, 191 Cal. 245 [216 Pac. 35]; *Byrne* v. *Hoag*, 116 Cal. 1 [47 Pac. 775]; *Takewawa* v. *Hole*, 170 Cal. 323 [149 Pac. 593]; *First National Bank of Fresno* v. *Dusy*, 110 Cal. 70 [42 Pac. 476].

[3]    The first question presented for solution is this: Was there any error or omission made by the clerk in en-

tering in the minutes the original order of July 21, 1923, granting the new trial?

The defendant contends that the record shows that there was no error of the clerk in entering the original order granting a new trial, and the court could not, therefore, by *nunc pro tunc* order, correct an error in the rendition of a judgment or order. The record defendant relies upon to support his contention is the original order of July 21, 1923, granting the new trial, the judge's certificate to the bill of exceptions, made following the appeal from the original order granting a new trial, to the effect that said bill of exceptions was correct, and the stipulation of counsel as to the correctness of the bill of exceptions, all of which have been heretofore referred to.

With this contention we cannot agree. There is nothing in the record to show that the trial judge did not instruct the clerk to enter the order granting the new trial upon the ground of the insufficiency of the evidence, and also upon the ground that the verdict is against law.

The fact that the bill of exceptions above referred to is certified by the trial judge as being correct, and also stipulated as correct by the attorneys for plaintiff, is of little or no moment here, because, in so far as it purports to be a transcript of the record then existing, it was undoubtedly correct. But the trial judge would not, by signing such a certificate to the bill of exceptions, be foreclosed from thereafter causing his acts and orders to be correctly recorded. (*Dowd* v. *Superior Court,* 69 Cal. App. 4 [230 Pac. 961].)

[4] Furthermore, the court having made the *nunc pro tunc* order, every intendment is in favor of the validity and regularity of such order and appellate courts will indulge every presumption, not controverted by the record, to uphold the validity of such an order, and the burden of overcoming this presumption is cast upon the defendant and appellant in this case, which burden it has not sustained. When the record is silent, as it really is in this case when the whole situation is considered, it will be presumed that what ought to have been done was not only done but was rightly done. (*Brush* v. *Pacific Electric Ry. Co., supra; Niles* v. *Gonzalez,* 155 Cal. 359 [100 Pac. 1080].)

It seems clear from the record before us that we must presume that the trial court did direct the clerk to specify in

the original minute order that the new trial was granted on the ground of the insufficiency of the evidence to support the verdict, and that the verdict was against law, and that the clerk failed to make the proper entry in the minutes.

[5] It is also contended by the defendant and appellant in this case that an appeal having been taken from the original order granting a new trial, the trial court lost jurisdiction over the order and had no power to thereafter change or alter it. This contention is based upon the theory that the error was a judicial error and not a clerical error, but, as we have already determined that it was undoubtedly a clerical error, there is no merit in this contention. The rule in this regard is well stated by the supreme court in *Fay* v. *Stubenrauch*, 141 Cal. 573 [75 Pac. 174], where it is said: "Nor is the right of the lower court to amend suspended or impeded by an appeal, where an amendment does not affect any substantial rights of the appellant, and consists of the correction of a clerical mistake appearing upon the face of the record. It is true that the court by the appeal loses jurisdiction of the cause, for the purpose of appeal, but it does not lose jurisdiction of its records. (Black on Judgments, sec. 162; Freeman on Judgments, sec. 73; *People* v. *Murback*, 64 Cal. 372 [30 Pac. 608].)"

See, also, *Halpern* v. *Superior Court, supra.*

Certainly no substantial rights of the defendant and appellant were affected by the *nunc pro tunc* order, but the rights of the plaintiff and respondent would be materially affected if the original minute order had not been corrected. The purpose of the correction of the minute order is manifest; for under section 657 of the Code of Civil Procedure, unless the order specifies that the new trial is granted upon the insufficiency of the evidence, on appeal from such order it will be presumed that the order was not based upon that ground.

[6] As we have already determined that the error in the original minute order was a clerical error and not a judicial error, the contention of defendant that it could not be corrected after a lapse of six months is without merit. Clerical errors or omissions can be corrected at any time and are in no way affected by the provision of section 473 of the Code of Civil Procedure.

We are of the opinion that the *nunc pro tunc* order made on. August 23, 1924, and directed to be entered as of July 21, 1923, should be, and it is hereby, affirmed.

Finch, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 21, 1927, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 21, 1927.