[Civ. Nos. 10383 and 10542.   Second Appellate District, Division Two.—
October 18, 1935.]

EUNICE M. ROBBINS et al., Respondents, v. DR. R. B. JENKINS, Appellant.

Mills, Hunter & Dunn and Noel B. Martin for Appellant.

Monta W. Shirley and George W. Nilsson for Respondents.

WOOD, J.—Plaintiffs, husband and wife, commenced the action against defendant, a surgeon, alleging that he performed an operation upon one of the plaintiffs, that he made an incision into her abdominal cavity and in sewing up the wound

negligently failed to remove certain sutures, resulting in damages to plaintiffs. Upon issue joined, the jury brought in a verdict for defendant. A motion for new trial was made on various statutory grounds, including insufficiency of the evidence to justify the verdict. On February 25, 1935, the motion for new trial was granted, the essential part of the minute order being: "After argument, it is ordered that the said motion be and the same is hereby granted." Defendant appealed from this order and filed his opening brief in this court on July 5, 1935. On motion of plaintiffs for an order to correct the order granting a new trial, the trial court on July 16, 1935, made an order which appears in the minutes as follows: "After argument, it is ordered that said motion be and the same is hereby granted *nunc pro tunc* to show that said motion for a new trial was granted on the insufficiency of the facts to justify the verdict." The trial judge on July 17, 1935, filed a written order setting forth, "it appearing to the court that by error of the clerk of department 17 of this court, the minute order of the 25th of February, 1935, failed to show that the motion was granted on the ground of insufficiency of evidence to justify the verdict", and providing that the minute order theretofore made be corrected *nunc pro tunc* to show that "one of the grounds for granting said motion is insufficiency of evidence to justify the verdict". From this order also defendant appeals.

Plaintiffs now present a motion to this court to dismiss the appeals and to affirm the orders of the superior court on the ground that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument. Defendant resists the motion, contending that the trial court in its order of July 16, 1935, attempted to correct a judicial rather than a clerical error.

The point involved has come before the higher courts on a number of occasions and in each instance the decision has been adverse to the contention of defendant. The last case on the subject, *Carter* v. *J. W. Silver Trucking Co.*, was decided August 1, 1935 (4 Cal. (2d) 198 [47 Pac. (2d) 733]). In that case the trial judge wrote on a "Submission Tag" the following words: "New trial before another court granted," and the clerk in entering the minute order on July 3d placed in the minutes the following: "It is ordered that a new trial in the above entitled action before another court be, and the

same is, hereby granted." A notice of appeal was served on July 10th and appellants took steps to prepare the record. On August 14th, without notice to appellants, the trial judge signed an order amending the prior order *nunc pro tunc* to read: "New trial before another court granted on the ground of the insufficiency of the evidence to justify the verdict." A motion by plaintiffs to vacate the *nunc pro tunc* order was denied. The Supreme Court, in affirming the order, held that the right of the court to correct its record to conform to the facts and speak the truth was not suspended by the appeal. It was further held that the trial court "inadvertently omitted to state the particular ground on which it was granted". In *King* v. *Emerson,* 110 Cal. App. 414 [288 Pac. 1099, 294 Pac. 768], the trial court made a minute order merely providing that the motion for a new trial "be and the same is hereby granted". Later the court signed and filed an order correcting the former order *nunc pro tunc* to include as the ground for the granting of the motion the insufficiency of the evidence to sustain the verdict. In upholding this order the reviewing court said: "The amount and kind of evidence requisite to satisfy that court as to what was the real order of the court and what was the proper entry on the minutes must rest with the court and be decided upon the evidence adduced. In this connection, the judge may rely upon his own memory. The court is not precluded from correcting the entry because the 'record' does not show that it is itself incorrect." In *Haynes* v. *Los Angeles R. R. Corp.,* 80 Cal. App. 776 [252 Pac. 1072], the trial court made its order on July 21, 1923, granting a motion for a new trial in this language: "Said motion for a new trial be, and the same is hereby granted." From this order defendant appealed and prepared and served its bill of exceptions which was stipulated as correct by the plaintiff and certified by the judge to be correct. The defendant then filed its opening brief on appeal and thereafter on July 18, 1924, on motion of plaintiff, the trial court made an order *nunc pro tunc* correcting the minutes of the court "to conform to the facts of the case" and providing that the motion be granted "upon the ground of the insufficiency of the evidence to sustain the verdict and that the verdict is against law". In upholding the order of the trial court the reviewing court said: "It is also contended by the defendant and appellant in this case that an appeal

having been taken from the original order granting a new trial, the trial court lost jurisdiction over the order and had no power to thereafter change or alter it. This contention is based upon the theory that the error was a judicial error and not a clerical error, but, as we have already determined that it was undoubtedly a clerical error, there is no merit in this contention.''

From the foregoing authorities it is clear that the trial court was within its rights in correcting the order granting the new trial to include insufficiency of the evidence to justify the verdict. The voluminous record discloses a conflict in the evidence of the respective parties, and such being the case, the action of the trial court is controlling.

The appeals are dismissed and the orders appealed from are affirmed.

Crail, P. J., and Gould, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on November 9, 1935.