[Civ. No. 10371. First Appellate District, Division Two.—January 21, 1937.]

MARCO ALBORI, Respondent, v. FRANK C. SYKES et al., Appellants.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Appellants.

Leo R. Friedman for Respondent.

STURTEVANT, J.—From a judgment against it in a *mandamus* proceeding the state board of prison terms and paroles has appealed. Except as to the parties defendant the facts are the same as in *Albori* v. *Smith,* Civil No. 10326 (*ante,* p. 615, [65 Pac. (2d) 81]), this day filed. However, in the instant case there was an agreed statement of facts which, among other things, set forth the following proceedings had when the judgments in question were pronounced:

"The Court: It will be the judgment of the court that for the offense of which you have been convicted, towit, the crime of assault with a deadly weapon, an offense necessarily included in the offense alleged in indictment No. 34,233, that you be confined in the State Prison at San Quentin for the term prescribed by law and that for the offense of which you stand convicted, towit, assault with a deadly weapon, an offense necessarily included in the offense alleged in the indictment No. 34,266, it will be the judgment of the court that you be confined in the State Prison at San Quentin for the term prescribed by law, I think, Mr. White (attorney for defendant), that under the new law the term under such circum-

"Mr. Clark (the Assistant District Attorney) : That is my opinion, your Honor."

The defendants claim that the superior court in Los Angeles had no authority to enter the *nunc pro tunc* order because such order did not purport to correct any clerical error or omission, but, on the other hand, it did purport to change the former judgment in a matter of substance. To make such a change the defendant board claims the trial court did not have the power to make a *nunc pro tunc* order. (*In re Johannes*, 213 Cal. 125, 130 [1 Pac. (2d) 984].) The petitioner freely concedes the scope of the rule stated in the Johannes case but attempts to distinguish it by calling our attention to the fact that the original judgments in that case expressly provided that the judgments should run consecutively and that by the order *nunc pro tunc* said judgments were made to run concurrently. Whereas, in the instant case the petitioner asserts the original judgments were silent as to whether they should run concurrently or consecutively, that the trial court *ex industria,* caused them to be silent, that in doing so it failed and refused to exercise its jurisdiction prior to making said *nunc pro tunc* orders, and that when the applications for said orders were made the trial court not only had the power but it was its duty to make them. He bases that claim on the maxim, *actus curiae neminem gravabit.* We are unable to follow his reasoning. Giving to the maxim its fullest force it has never been held, so far as we are aware, that said maxim authorizes an indiscriminate exercise of the power of entering *nunc pro tunc* orders. On the other hand the full scope of that power is as stated in the case entitled *Estate of Potter,* 141 Cal. 424 [75 Pac. 850]. At page 426 the court said:

"This, under the circumstances shown, we think the court had not the power to do. Undoubtedly the ground of motion upon the part of the administrator afforded no legal reason nor legal excuse for the court's action. The fact that a party litigant inadvertently fails to ask for a judgment, confers

neither power upon the court to order nor right upon the litigant to seek a modification of such judgment as the court may have advisedly given. There remains the only other question whether or not the court has, as asserted in the motion and here argued, the inherent power at any time to enter such a judgment. We think it has not such power. The object of entering judgments and decrees as of some previous date is to supply matters of evidence and to rectify clerical misprisions, but not to enable the court to correct judicial errors. If the court has not rendered a judgment that it might or should have rendered, or if it has rendered an imperfect or improper judgment, it has no power to remedy such errors by ordering an amendment *nunc pro tunc* of a proper judgment. (Freeman on Judgments, secs. 61, 68; *Morrison v. Dapman,* 3 Cal. 255; *In re Skerrett,* 80 Cal. 62, 63 [22 Pac. 85]; *Leonis* v. *Leffingwell,* 126 Cal. 369, 372 [58 Pac. 940]; *Cowdery* v. *London etc. Bank,* 139 Cal. 298 [73 Pac. 196, 96 Am. St. Rep. 115].)

"The amendment to the judgment in the case at bar is within the limitation and prohibition of this principle. It was the attempt by the court not to correct a clerical misprision, not to supply omitted evidentiary matter, but at a later date to enter a judgment which originally it had never contemplated entering, though at the time of giving the original judgment it might have caused it to be entered." And, in the instant case, the agreed statement of facts shows that in rendering the original judgment the trial court expressly declined to entertain jurisdiction to determine whether under section 669 the judgments should run concurrently or consecutively. Furthermore, it is equally clear that the clerk entered said judgments exactly as ordered. Hence there was no "clerical error or mistake". It follows if any error was made the error was a judicial as distinguished from a clerical error and that it may not be corrected by a *nunc pro tunc* order. (*Lankton* v. *Superior Court,* 5 Cal. (2d) 694, 696 [55 Pac. (2d) 1170].) ■ In what we have said we are not in the least impugning the petitioner's rights as measured by the maxim on which he relies. When on rendering the original judgment the trial court omitted to pass on the question as to whether the judgments should run concurrently, the petitioner could at once have applied to the trial court for an amendment. Furthermore, he had the right to appeal and

apply for an order directing the trial court to determine the question. (*In re Lee,* 177 Cal. 690 [171 Pac. 958].) When an inferior tribunal has jurisdiction of a certain action or proceeding and refuses to exercise its jurisdiction, and the aggrieved party has no plain, speedy and adequate remedy, he may enforce his rights by applying for a writ of *mandamus.* (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474 [114 Pac. 978].) But, under the same set of facts, if the aggrieved party has the right to appeal then he is not entitled to a writ of *mandamus.* (Code Civ. Proc., sec. 1085; 38 C. J. 610; Mandamus, sec. 88; *Aldrich* v. *Superior Court,* 135 Cal. 12 [66 Pac. 846].)

The petitioner contends that it must be presumed the *nunc pro tunc* orders were valid. (*Haynes* v. *Los Angeles R. R. Corp.,* 80 Cal. App. 776 [252 Pac. 1072].) The doctrine of that case is stated in the syllabus: "*Where the record on appeal is silent as to whether* the trial court had directed the clerk to specify in an order granting a new trial the grounds upon which it was granted, the appellate court will presume that a *nunc pro tunc* order correcting the order granting a new trial was valid, since every intendment is in favor of the validity and regularity of such order." (Italics ours.) Clearly the rule has no application where, as here, the facts appear from the agreed statement of facts.

The judgment appealed from is reversed.

Nourse, P. J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 22, 1937.