JOHN BROWNLEE, EXR., ETC. V., JANE C. DAVIDSON.

[FILED FEBRUARY 18, 1890.]

1. **Judgment: CORRECTION OF RECORD.** A district court has power to correct at a subsequent term of court any errors or defects in the record of its judgments which occurred through the mistake or neglect of its clerk, so as to make the judgment entry correspond with the judgment actually rendered.

2. ———: ———: NOTICE: PRESUMPTION. Notice must be served on the opposite party of an application to correct such errors. It will be presumed that notice was given, in the absence of a showing to the contrary.

3. **Deficiency Judgment: ERROR.** Before error can be predicated upon the failure of a district court to render a deficiency judgment, it must appear that the court refused to render one when requested to do so.

ERROR to the district court for Otoe county. Tried below before CHAPMAN, J.

50

*Edwin F. Warren,* for plaintiff in error, cited: *Smith v. Pinney,* 2 Neb., 145; *McCann v. McLennan,* 3 Id., 27; *Pope v. Hooper,* 6 Id., 178; *Hansen v. Bergquist,* 9 Id.; 277; *Volland v. Wilcox,* 17 Id., 50.

*D. T. Hayden, contra,* cited: *Garrison v. People,* 6 Neb., 279; *Cook v. Moore,* 100 N. Car., 279.

Norval, J.

In 1887 an action was brought in the district court of Otoe county, by Ebenezer Brownlee in his lifetime, against the defendant Jane C. Davidson. From the allegations of the amended and supplemental petitions it appears that Mrs. Davidson owned the life estate in certain lands in Otoe and Nuckolls counties, and refused to keep the taxes paid thereon, and to protect their interests as remaindermen, the plaintiff Brownlee, for himself and others, paid the same, amounting to several hundred dollars. The object of this suit is stated in the prayer of the amended and supplemental petitions, thus:

" Wherefore plaintiff prays for a decree ordering, adjudging, and decreeing said sums of money, and the interest thereon, a lien upon the said described lands, and upon the interest of the said defendant therein, that unless the same shall be paid by a certain day, to be fixed by the court, that the interest of said defendant in and to said lands to-wit, her life estate therein, or so much thereof as may be necessary, may be sold as upon sales under mortgage foreclosure; that out of the proceeds arising from such sale there may be paid, first, the costs of this action, and of such sale; second, the sum so as aforesaid to be found due this plaintiff for taxes paid, and interest, and for such other or further order or relief in the premises as equity and good conscience may suggest, the circumstances of this case considered."

The defendant answered, and on the 7th day of June, 1888, the court found the issues in favor of the plaintiff, and "adjudged, ordered, and decreed that the plaintiff have and recover of and from the said defendant the sum of $970.89 and costs ; and it is further ordered, adjudged, and decreed that said plaintiff have a lien upon the interest of the defendant in said premises for said sum so found due and costs." The remainder of the decree is the same as in mortgage foreclosures.

On the last day of the succeeding term of court in Otoe county, to-wit, November 16, 1888, the defendant filed with the clerk of said court his application for the correction of said journal entry, stating therein, among other grounds, "that by a mistake in the preparation of said decree * * * a personal judgment was rendered against said defendant, and in favor of said plaintiff for the aforesaid sum, whereas no such judgment or finding has been entered by said court, or asked for in plaintiff's petition, but that the same was an error and mistake which should be corrected by this court."

On the 4th day of January, 1889, the plaintiff procured an order of sale to be issued on said decree, the Otoe county lands were sold thereunder, sale confirmed, and the sheriff ordered to execute a deed to the purchaser at said sale.

On the 2d day of May, 1889, the said district court entered upon its journal the following correction of the journal entry of June 7, 1888, to-wit: " This cause came on for hearing on the motion of the defendant to modify the decree and correct the entry of judgment heretofore made in this case, which motion was duly submitted to the court at the November term, 1888, thereof. And the court, being well advised in the premises, doth find that on the 7th day of June, 1888, a decree was entered in the above case in favor of the plaintiff, and against the defendant, for the sale of the defendant's life estate in certain lands in the

state of Nebraska, described in plaintiff's petition, but that by an error or mistake of the party preparing the decree in said case a personal judgment was entered against the said defendant, whereas no personal judgment was rendered or intended to be rendered by the court against the defendant in said cause. It is therefore considered and ordered by the court that the said decree and the entry of said judgment be modified and corrected to conform to the original findings of the court, so that the plaintiff shall have a lien only upon the life estate of the defendant in said lands, and that the same be sold to pay the sums found due by said decree, and that all that portion of said decree purporting to render a personal judgment against said defendant should be and the same is hereby set aside."

On the 13th day of May, 1889, the plaintiff filed a motion to have this last decree vacated because the district court had no jurisdiction at that time to make such entry, and that the original judgment was right and proper. This motion of the plaintiff was overruled on the 17th day of June, 1889. The plaintiff took an exception and brings the case here by petition in error. Ebenezer Brownlee having died since the entry of the decree in the lower court, the cause was revived in this court in the name of his executor, John Brownlee.

It is urged that the original decree corresponds with the one actually rendered. The finding in the modified decree does not sustain this position. It states "that by an error or mistake of the party preparing the decree in said cause a personal judgment was entered against the said defendant, whereas no personal judgment was rendered or intended to be rendered by the court against the defendant." Whether this finding was based upon the recollection of the learned district judge, his entry on the trial docket, or on evidence taken, is not disclosed by the record. The evidence not being before us, the presumption is that the finding of the court is supported by the evidence.

The principal question presented by the record is, Did the district court have the power to amend the journal entry of the decree? It is firmly settled that a court of general jurisdiction, like the district court, has ample power at a subsequent term to correct any errors or defects in the record of its judgments or decrees which occur through the mistake or neglect of the clerk of the court, so as to make the judgment entry correspond with the judgment actually rendered. This authority in this state is expressly conferred by statute. Subdivision 3 of sec. 602 of the Code authorizes the district court to vacate or modify its own decrees after the term at which it was rendered, "for the mistake, neglect, or omission of the clerk." Proceedings for that purpose must be commenced within three years after the rendition of the decree. (Sec. 609.) In the case of *Garrison v. People*, 6 Neb., 274, the power of the district court to correct mistakes of the clerk after the term, was recognized in a criminal case.

The plaintiff in error claims in his brief that he had no notice of the defendant's motion to modify the decree. While such a notice is necessary, yet in the absence of a showing to the contrary it will be presumed that one was given to the plaintiff. (*Hansen v. Bergquist*, 9 Neb., 269.)

It is contended that the plaintiff was entitled to a deficiency judgment after the sale of the lands under the decree. It does not appear that the lower court was requested to render such a judgment. The plaintiff's motion simply asked to have vacated the modified decree. Error cannot be predicated on the failure to render a deficiency judgment until the district court has refused to render one. It is doubtful, however, whether a deficiency judgment can be rendered in a case like this. No error appearing in the record, the modified decree of the district court is affirmed.

DECREE AFFIRMED.

THE other judges concur.