[Civ. No. 3859.  Second Appellate District, Division Two.—July 11, 1922.]

## HARRISON BRUSH, Appellant, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Respondent.

[1] APPEAL — RECORD — CONCLUSIVE EVIDENCE. — The record on appeal properly certified is conclusive evidence of the facts stated therein and no extrinsic evidence may be received to supplement or contradict it.

[2] COURTS—RECORDS—CORRECTION OF ERRORS.—Any error or defect in a record occurring through acts of omission or commission of the clerk in entering of record the judgment or proceedings of the court may be corrected at any time by the court on its own motion or on motion of an interested party.

[3] NEW TRIAL—MINUTE ENTRY—OMISSION TO STATE GROUNDS—SECOND ENTRY — APPEAL — PRESUMPTION FROM RECORD. — Where the record on appeal from an order granting a new trial shows a minute entry reading "defendant's motion for a new trial is granted," and a later minute entry reciting that the grounds on which the order was made were inadvertently omitted from the first entry and that the order is corrected to read "defendant's motion for a new trial is hereby granted on the ground of the insufficiency of the evidence to support the verdict," the appellate court must presume that, through clerical misprision, the clerk failed to make the first entry as directed and that the court directed the entry of the second order.

[4] ID. — CONFLICT OF EVIDENCE — GRANTING OF NEW TRIAL. — If the trial judge, notwithstanding a conflict in the testimony, is satisfied that the verdict is against the weight of the evidence, he may and should grant a new trial, although upon the same conflict the appellate court is bound by the verdict.

[5] ID. — ACTION FOR NEGLIGENCE — EVIDENCE — CONTRIBUTORY NEGLIGENCE—NEW TRIAL.—The trial court has the same discretionary power to grant a new trial upon the ground that the preponderance of the evidence shows the plaintiff in a negligence case to be himself guilty of contributory negligence that it has with respect to any other issue of fact.

[6] APPEAL — ACTION FOR NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — NEW TRIAL.—It is the province of an appellate court to pass on questions of law and not on questions of fact, and therefore it may not set aside a verdict on the ground of the plaintiff's contributory negligence, unless from the undisputed facts it can see that the plaintiff has not exercised such care as men of common prudence usually exercise in positions of like exposure and danger.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. B. Drake for Appellant.

Frank Karr, R. C. Gortner and W. R. Millar for Respondent.

FINLAYSON, P. J.—This is an appeal from an order granting a new trial in an action for damages alleged to have been sustained by plaintiff through the negligence of defendant. The answer pleads contributory negligence. A verdict for fifteen thousand five hundred dollars in favor of plaintiff was returned by the jury, and judgment was entered accordingly. Thereafter defendant gave notice of its intention to move for a new trial on the ground, among others, that the evidence is insufficient to support the verdict. In due time defendant presented its motion; the motion was granted and a new trial ordered; and plaintiff now appeals from the order.

Respondent, claiming that the record shows that the new trial was ordered on the ground of the insufficiency of the evidence to support the verdict, in that it appears from the preponderance of the evidence that the plaintiff was guilty of contributory negligence, contends that the order must be affirmed unless it shall be made to appear that the lower court, in granting the new trial, committed a manifest abuse of its discretion.

The record on appeal contains copies of two minute entries of the order granting a new trial, made, respectively, on March 18, 1921, and March 28, 1921. The first, that of March 18, 1921, reads: "Defendant's motion for a new trial is granted." The second, dated March 28, 1921, is as follows: "It appearing that in the minute entry of the order granting a new trial on the 18th day of March, 1921, the statement of the grounds on which said order was made was inadvertently omitted, and for the purpose of correcting said inadvertent omission, said order is hereby amended and corrected, *nunc pro tunc,* as of March 18, 1921, to read as follows: Defendant's motion for a new

trial is hereby granted, on the ground of the insufficiency of the evidence to support the verdict, in that it appears from the preponderance of the evidence that the plaintiff was guilty of contributory negligence.''

Appellant, contending that the second minute entry was unauthorized and that the first is the only existing valid record of the order granting a new trial, claims that, because the first minute entry does not specify that the new trial is granted on the ground of the insufficiency of the evidence to support the verdict, it must be presumed here that insufficiency of the evidence was not the ground on which the order was based, citing section 657 of the Code of Civil Procedure, whereby it is provided that ''when a new trial is granted upon the ground of the insufficiency of the evidence to sustain the verdict, the order shall so specify; otherwise, on appeal from such order, it will be presumed that the order was not based upon that ground.''

Both sides have filed in this court affidavits wherein the affiants purport to set forth some of the circumstances under which the two minute entries were made. These affidavits may not be considered by us. They are not a part of the record on appeal. This court must be governed by the record on appeal, duly authenticated in the mode prescribed by law. [1] That record, properly certified, is conclusive evidence of the facts stated therein, and no extrinsic evidence may be received to supplement or contradict it. (*Boston* v. *Haynes,* 31 Cal. 107; *Satterlee* v. *Bliss,* 36 Cal. 489, 521; *Hanna* v. *De Garmo,* 140 Cal. 172, 174 [73 Pac. 830].)

[2] The record on appeal discloses no lack of authority in the trial court to direct the making of the second minute entry. That court has the inherent power to correct its records so as to cure clerical misprisions. Any error or defect in a record occurring through acts of omission or commission of the clerk in entering of record the judgment or proceedings of the court may be corrected at any time by the court on its own motion, or on motion of an interested party. ''Every court of record,'' says our supreme court in *Kauffman* v. *Shain,* 111 Cal. 19 [52 Am. St. Rep. 139, 43 Pac. 394], ''has the inherent right and power to cause its acts and proceedings to be correctly set forth in its records. The clerk is but an instrument and assistant

of the court, whose duty it is to make a correct memorial of its orders and directions; and, whenever it is properly brought to the knowledge of the court that the record made by the clerk does not correctly show the order or direction which was in fact made by the court at the time it was given, the authority of the court to cause its records to be corrected in accordance with the facts is undoubted. [Citing authorities.] In the exercise of this power the court is not, however, authorized to do more than to make its records correspond to the actual facts, and cannot, under the form of an amendment of its records, correct a judicial error, or make of record an order or judgment that was never in fact given. . . . The court is not precluded from correcting the entry merely because the 'record' does not show that it is itself incorrect. The rule at common law, that the record can be amended only when there is something in the record to amend by, was applied when it was sought to amend a judgment at a term of the court subsequent to that in which it had been signed and enrolled, but it has no application to the amendment of matters that do not form a part of the judgment-roll or 'record.' Until the entry of the judgment the record was in the breast of the court. Afterward it was in the roll. It was only the 'record' thus made up which imported absolute verity. . . . Mere entries in the minutes of the court are not, properly speaking, matters of record. (*Weed* v. *Weed*, 25 Conn. 344.) They become so only by being incorporated into bills of exception, and thus made a part of the judgment-roll. . . . This power of a court to amend its records so that they may correspond with the fact, and correctly express what was done by the court, may be exercised at any time.''

[3] Appellant's claim that the lower court exceeded its authority in entering the *nunc pro tunc* order of March 28, 1921, is based upon the assumption that the omission from the original minute entry of any statement that the new trial was granted on the ground of the insufficiency of the evidence was a judicial and not a clerical error. That is, it is gratuitously assumed by appellant that when the trial judge announced that a new trial would be granted he made no mention of the ground upon which it was ordered, and that, therefore, the failure of the first minute entry to specify that the new trial was granted upon the

ground of the insufficiency of the evidence to support the verdict was not a mistake of the clerk but an error of the judge. Aside from the two minute entries, there is nothing whatever in the record on appeal to show any of the circumstances under which either entry was made. There is nothing in the record on appeal to show that, in ordering the new trial, the trial judge did not specifically direct the clerk to specify in his minute entry of the order that it was made on the ground of the insufficiency of the evidence to support the verdict. This being the condition of the record we must presume that the trial judge did direct the clerk to specify in the original minute order that the new trial was granted on the ground of the insufficiency of the evidence to support the verdict, or that he in some way communicated to the clerk the fact that insufficiency of the evidence to support the verdict was the ground upon which the order was made. We must presume that, through clerical misprision, the clerk failed to make the entry as directed, or to make it in conformity with the judge's announcement, and that it was for that reason that the court, in the exercise of its inherent power to cause its acts to be correctly recorded, directed the entry of the second order. An appellate court never indulges in presumptions to defeat an order or a judgment. On the contrary, every intendment is in favor of the validity and regularity of the order or judgment appealed from. The burden of overcoming this presumption is upon the appellant, and where the record is silent, it will be presumed that what ought to have been done was not only done, but rightly done. (*Niles* v. *Gonzalez,* 155 Cal. 359, 362 [100 Pac. 1080].) Thus, in *Hamilton* v. *Seitz,* 25 Pa. 226 [64 Am. Dec. 694] the court, addressing itself to the regularity of an amendment made by the court below to its proceedings, used this language: ''We are bound to presume that the amendment permitted in the numbers of the lots sold was founded upon satisfactory evidence that a mistake was made in that part of the description of the levy, and that the true numbers of the lots really levied upon and sold were three and four instead of two and three.''

What we have said is a sufficient reply to appellant's claim that the second minute entry was made without notice to him. Where there is nothing in the record to

amend it by, there may be some question as to a judge's right to resort to his recollection, and, *ex mero motu*, direct the clerk to correct the entry of an order or judgment. But assuming, without deciding, that notice was essential in this case, the record on this appeal does not show that notice was not given. To uphold the validity of the order, we must indulge every presumption not controverted by the record. The supreme court of Nebraska, in *Brownlee* v. *Davidson*, 28 Neb. 785 [53 N. W. 51] held that, in the absence of a showing to the contrary, it will be presumed, on appeal, that notice was duly served on the opposite party of an application to correct a defect in the entry of the judgment, occurring through the clerk's mistake or neglect.

Our conclusion is that, upon this appeal, we must treat the second minute entry as a correct record of the order as originally announced by the trial judge; and since that entry specifically states that the order is granted "on the ground of the insufficiency of the evidence to support the verdict, in that it appears from the preponderance of the evidence that the plaintiff was guilty of contributory negligence," the order must be affirmed unless we can say that in granting the new trial the court abused its discretion.

[4] Upon the issue of contributory negligence there was some conflict in the testimony. But while an appellate court will not review a verdict where the evidence shows a substantial conflict, the trial court is guided by very different considerations. If the trial judge, notwithstanding a conflict in the testimony, is satisfied that the verdict is against the weight of the evidence, he may, indeed he should, grant a new trial, although upon the same conflict an appellate court would be bound by the verdict. And even though there be no conflict in the testimony, the probative force and effect of the evidence is ultimately for the determination of the trial judge upon the hearing of a motion for a new trial. (*Meinberg* v. *Jordan*, 29 Cal. App. 762 [157 Pac. 1005, 1007].) The judgment of the trial judge is not based upon the cold record which comes to an appellate court. He hears the evidence and has ample opportunity to observe the demeanor and manner of the witnesses and to judge their credibility. If, therefore, he is dissatisfied with the verdict and is of the opinion that it

clearly is against the weight of the evidence, he may set
it aside and grant a new trial even though there be sub-
stantial evidence to support the verdict. He "is in a posi-
tion to determine between the apparent and the real, to
detect the fallacy of specious testimony which may have
misled the jury, but which his wider experience enables him
to readily comprehend. . . . It is for these and other rea-
sons which might be mentioned that a wide discretion is
accorded to trial courts in the disposition of motions for
new trial." (*Bates* v. *Howard,* 105 Cal. 178 [38 Pac.
715].) Though the parties are entitled to the judgment
of the jury in the first instance, they are, upon a motion
for a new trial, "equally entitled to the independent judg-
ment of the judge as to whether such verdict is supported
by the evidence." (*Green* v. *Soule,* 145 Cal. 102 [78 Pac.
337].)

[5] If we rightly understand appellant's position, his
claim is that the principles just announced by us are not
applicable where contributory negligence is the issue. In
support of that contention we are referred to *Schneider* v.
*Market Street Ry. Co.,* 134 Cal. 482 [66 Pac. 734]. The
claim is wholly fallacious. Without doubt, the trial court
has the same discretionary power to grant a new trial upon
the ground that the preponderance of the evidence shows
the plaintiff in a negligence case to be himself guilty of
contributory negligence that it has with respect to any other
issue of fact. Our supreme court has given frequent recog-
nition to the power. Thus, in *Weisser* v. *Southern Pac. Ry.
Co.,* 148 Cal. 426 [7 Ann. Cas. 636, 83 Pac. 439], it was
held that, notwithstanding there may be some conflict in
the testimony upon the issue of contributory negligence, it
is the duty of the trial judge to grant a new trial on the
ground of the insufficiency of the evidence to support the
verdict if he is convinced that the preponderance thereof
shows the plaintiff to have been guilty of contributory
negligence; and the trial judge's action in that regard will
not be disturbed by the appellate court unless it appears
that there has been a manifest abuse of the discretion con-
fided to him.

The cases cited by appellant are in entire harmony with
these views. In *Schneider* v. *Market St. Ry. Co., supra,* the
trial court had *denied* defendant's motion for a new trial.

In that case the supreme court held that to justify an *appellate* court in disturbing the verdict it must affirmatively appear to that court, as a matter of law, from the undisputed facts, that the plaintiff was guilty of contributory negligence. **[6]** This is so because it is the province of an appellate court to pass on questions of law, not questions of fact; and that court, therefore, may not set aside a verdict on the ground of the plaintiff's contributory negligence unless, from the undisputed facts, it can see that the plaintiff has not exercised such care as men of common prudence usually exercise in positions of like exposure and danger. But, as we have seen, the trial judge possesses a much wider power. He cannot rest upon a conflict in the evidence, but must weigh and consider the evidence introduced by both sides and determine for himself the just conclusion to be drawn therefrom. (*Green* v. *Soule, supra.*)

It would subserve no useful purpose to state at length the facts of the case as they are shown by the record. After carefully reading the evidence touching the question of contributory negligence, we are convinced that fair and impartial men might reasonably differ in their deductions from the evidence, and we therefore cannot say that there is basis for the claim that the trial judge abused the discretion which the law has wisely vested in him.

The order appealed from is affirmed.

Works, J., and Craig, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 7, 1922.

All the Justices present concurred.

Richards, J., *pro tem.*, and Myers, J., *pro tem.*, were acting.