[Civ. No. 4891. First Appellate District, Division One.—May 23, 1924.]

GULF MAIL STEAMSHIP CO. (a Corporation), Appellant, v. W. A. HAMMOND STEAMSHIP COMPANY (a Corporation), Respondent.

[1] APPEAL — RECERTIFICATION OF TRANSCRIPT — NOTICE — MOTION TO AFFIRM JUDGMENT—DENIAL OF.—A respondent is not affected in any of his substantial rights by the failure of an appellant to give due notice of recertification of a transcript, which originally omitted the notice of appeal, where the transcript, as recertified, is, with the exception of the inclusion of the notice of appeal, the same; and a motion to affirm the judgment appealed from, coming as it does, after the transcript has been certified by the trial judge, and filed in the appellate court, must be denied and the appeal considered upon its merits.

[2] ID.—TRANSCRIPT—OMISSION OF NOTICE OF APPEAL—DIMINUTION OF RECORD.—The omission of the notice of appeal, even though the transcript had been filed, might have been thereafter, in the interests of justice, supplied upon suggestion in the appellate court of diminution of record.

[3] COURTS—GRANTING NEW TRIAL—WRITTEN ORDER BY JUDGE—MINUTE ENTRY BY CLERK—OMISSION OF GROUNDS STATED IN ORDER— NUNC PRO TUNC ORDER—JURISDICTION.—A written order signed

---

1.  See 2 Cal. Jur. 597.
2.  See 2 Cal. Jur. 677, 680; 2 R. C. L. 154.

and filed by a trial judge having specified that a new trial was granted upon the grounds of the insufficiency of the evidence to sustain the verdict, and that the verdict was against law, and the contemporaneous minute entry of such order by the clerk having failed to show the grounds upon which the new trial was granted, the trial court was authorized to make an order amending *nunc pro tunc* the original minute order entered by the clerk so as to make it show the grounds upon which the new trial was granted.

[4] ID.—CLERICAL ERRORS—CORRECTION OF — TIME — JURISDICTION. — Courts have inherent power over their records, and may at all times correct mere clerical errors made by the clerk in entering the order in the minutes, so that it may truly state what was the order of the court, by setting forth all its terms. Such errors or defects may be corrected at any time by the court, on its own motion, or on motion of either party.

(1) 4 **C. J.**, p. 499, sec. 2254, p. 1126, sec. 3115.   (2) 4 **C. J.**, p. 508, sec. 2269, p. 509, sec. 2271.   (3) 29 **Cyc.**, p. 1027.   (4) 15 **C. J.**, p. 974, sec. 392, p. 975, sec. 395, p. 976, sec. 395, p. 977, secs. 396, 397, p. 978, sec. 397.

APPEAL from an order of the Superior Court of the City and County of San Francisco amending *nunc pro tunc* a previous order granting a new trial.   Franklin A. Griffin, Judge.   Affirmed.

The facts are stated in the opinion of the court.

H. W. Glensor, Aitken, Glensor, Clewe & Van Dine and Frank W. Aitken for Appellant.

Nathan H. Frank, Irving H. Frank and Keith Ferguson for Respondent.

ST. SURE, J.—This is an appeal from an order of the superior court amending *nunc pro tunc* a previous order granting a new trial.

[1]   After the transcript, certified by the clerk and by the trial judge, had been filed in this court, respondent made herein a motion for affirmance of the judgment upon technical grounds.   It appears that appeal was taken in due time (sec. 953a, Code Civ. Proc.), transcript prepared and

4.   Power of trial court to correct its record after an appeal or writ of error, note, 31 **L. R. A. (N. S.)** 207.   See, also, 7 **Cal. Jur.** 613; 7 **R. C. L.** 1019.

filed, and notice given of presentation of transcript to the trial judge for approval. The trial judge approved the transcript on January 3d. Thereafter appellant discovered that through inadvertence notice of appeal had been omitted from the transcript, and without further notice to respondent appellant inserted in the transcript the notice of appeal, and procured from the trial judge and clerk new certifications dated January 9th. Respondent complains that failure to give due notice of such recertification invalidated the whole procedure. We fail to see wherein any substantial right of respondent was affected. The transcript, recertified, was, with the exception of the inclusion of the notice of appeal, the same. Admittedly, appeal had been properly taken. [2] The omission of the notice of appeal, even though the transcript had been filed, might have been thereafter, in the interests of justice, supplied upon suggestion in this court of diminution of record. Furthermore, the motion to affirm, coming as it does, after the transcript had been certified by the trial judge, and filed in this court, must be denied and the appeal considered upon its merits. (*Revert* v. *Hesse,* 184 Cal. 295 [193 Pac. 943]; *White* v. *Hendley,* 35 Cal. App. 267, 270 [169 Pac. 710].)

[3] As to the merits, the record shows that Judge John Hunt, presiding in department 5 of the superior court, granted a motion for a new trial. The clerk of the court entered a minute order thereof as follows: ''The motion for a new trial having been heretofore submitted to the court for decision, and the court having fully considered the same, it is ordered that the said motion be, and the same is, hereby granted. 'Opinion filed.' '' While an appeal was pending, respondent herein applied to the superior court for an order amending *nunc pro tunc* the original order above quoted. The motion was regularly heard and granted by the lower court, and an amendatory order entered as follows: ''The motion for a new trial having been heretofore submitted to the court for decision, and the court having fully considered the same, it is ordered that the said motion be, and the same is, hereby granted upon the grounds of the insufficiency of the evidence to sustain the verdict, and that the verdict is against law.'' This entry was based upon an order made by Honorable Franklin A. Griffin, the then presiding judge of department 5, which reads, in part, as follows: ''It appearing from the records of this court that on the fourth

day of November, 1919, Honorable John Hunt then and
there a judge of this court, granted the defendant's motion
for a new trial upon the grounds that the verdict is against
law and of the insufficiency of the evidence to justify the
verdict; and it appearing that the clerk of the court omitted
to recite in said minute order that the defendant's motion for
a new trial was granted upon said grounds, including that
of insufficiency of the evidence to justify the verdict, it is
ordered,'' etc.

In the original minute order mention is made of an
"opinion filed.'' This "opinion,'' correctly entitled, is signed
by the trial judge. It bears the same date as the entry of
the original minute order made by the clerk. It was "filed
in open court.'' Its context shows conclusively that the
motion for a new trial was granted upon the grounds of the
insufficiency of the evidence to sustain the verdict, and that
the verdict was against law.

An examination of this so-called "opinion'' convinces us
that it rises to the dignity of a written order signed and
filed by the trial judge; while it contains language giving
the reasons of the trial judge for making the order, with
which reasons we are not concerned (*Unger* v. *San Fran-
cisco-Oakland Terminal Rys. et al.,* 61 Cal. App. 125 [214
Pac. 510, 515]), it shows indubitably that the motion for a
new trial was granted upon the grounds above stated, and
concludes with the words "for these reasons I am constrained
to grant defendant's motion for a new trial herein, and it is
so ordered.'' Section 657 of the Code of Civil Procedure pro-
vides when a new trial may be granted, and further provides
that "when a new trial is granted upon the ground of the
insufficiency of the evidence to sustain the verdict, the order
shall so specify.'' It is clear that Judge Hunt so specified
in the *order* made by him, and it follows that the contempo-
raneous minute entry made by the clerk was erroneous.
[4] Courts have inherent power over their records, and
may at all times correct mere clerical errors made by the
clerk in entering the order in the minutes, so that it may
truly state what was the order of the court, by setting forth
all its terms. As was said in *Crim* v. *Kessing,* 89 Cal.
478, 486 [23 Am. St. Rep. 491, 26 Pac. 1074], "The right of
a court of general jurisdiction to amend or correct its
records so that they shall speak the truth, is too well recog-
nized to need any argument.'' Such errors or defects may

be corrected at any time by the court, on its own motion, or on motion of either party. (*Brush* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 501 [208 Pac. 997].) The order amending *nunc pro tunc* the previous order granting the motion for a new trial, was properly made and is, therefore, affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 17, 1924.

All the Justices concurred.