[Civ. No. 12059. Second Appellate District, Division One.—October 10, 1940.]

BETTY COLLINS, a Minor, etc., Appellant, v. JACK NELSON, a Minor, etc., et al., Respondents.

Avery M. Blount and H. R. Skinner for Appellant.

Joe Crider, Jr., Clarence B. Runkle, Elber H. Tilson and John J. Ford for Respondents.

WHITE, J.—Through her guardian *ad litem,* plaintiff, a fifteen-year-old girl, commenced this action to recover damages for personal injuries sustained in an automobile accident while she was riding as a guest in a car owned and operated by defendant Jack Nelson, also a minor. Plaintiff's cause of action is predicated upon wilful misconduct.

A verdict in favor of the plaintiff for $6,000 was set aside by a judgment for defendants notwithstanding the verdict. From such judgment plaintiff appealed, and this court reversed the same. (See *Collins* v. *Nelson,* 16 Cal. App. (2d) 535 [61 Pac. (2d) 479], to which reference is made for a comprehensive statement of the factual situation surrounding this litigation.) Upon the going down of the *remittitur,* defendants, on December 12, 1936, filed a notice of intention to move for a new trial on all statutory grounds. When such motion came on for hearing on January 13, 1937, plaintiff filed a written motion to disqualify the trial judge from hearing and passing upon the motion for a new trial. (Code Civ. Proc., sec. 170.) On the day of its presentation the trial judge denied the motion to disqualify him and granted the

motion for a new trial. From the last-named order plaintiff again appealed to this court, and we held the trial judge was without jurisdiction to personally pass upon the motion to disqualify, and that all subsequent proceedings, including his order granting defendants' motion for a new trial, were void *ab initio*. (*Collins* v. *Nelson,* 26 Cal. App. (2d) 42 [78 Pac. (2d) 758].) In remanding the cause this court said: ''The orders made by the trial judge, after the filing by appellant of the verified statement above mentioned, are vacated and the cause is restored to the jurisdiction of the trial court with directions to proceed under and according to section 170 of the Code of Civil Procedure.''

The *remittitur* resulting from the second appeal was lodged with the trial court on June 23, 1938. On July 23 of the same year defendants served upon plaintiffs and filed with the trial judge a notice of motion to transfer to another judge for determination the motion to disqualify such trial judge. On August 4 the trial judge entered an order referring the matter to the Judicial Council pursuant to section 170 of the Code of Civil Procedure because the parties could not agree upon another judge. By order of the Judicial Council the matter of disqualification of the trial judge was referred to another judge of the Superior Court of Los Angeles County, who on September 1, 1938, denied plaintiff's motion to disqualify the trial judge and forthwith referred the pending proceeding in its entirety to such trial judge. On that same day the trial judge entered an order denying plaintiff's motion to dismiss the motion for a new trial and directed that defendants' motion for such new trial stand submitted and allowed the filing of briefs in three, two and one weeks. However, on the following day, without notice to either party, the trial judge entered an order reading as follows: ''The motion for a new trial herein, heretofore submitted, is hereby granted.'' On September 12, 1938, the trial judge entered a further order reading as follows: ''It appearing to the court that, through inadvertence and mistake, the minute order of September 2, 1938, fails to state the grounds upon which the motion for a new trial is granted, it is ordered that said minute order be corrected and amended, *nunc pro tunc* as of September 2, 1938, to read that said motion for a new trial is granted upon the ground that the evidence herein is insufficient to support the judgment.''

Plaintiff appeals from the order denying her motion to disqualify the trial judge; from the order of the trial judge denying plaintiff's motion to dismiss defendants' motion for a new trial, and from the order of September 2 granting defendants' motion for a new trial. ■ However, in her briefs appellant makes no reference whatever to the order of September 1 denying her motion to disqualify the trial judge, by reason of which we shall assume that the appeal therefrom has been abandoned.

■ As a first ground of appeal it is urged that the trial judge was without power or jurisdiction to enter the order of September 2, 1938, granting defendants' motion for a new trial, for the reason that the sixty-day period provided in section 660 of the Code of Civil Procedure had expired. Appellant's claim in this regard is without merit. The record reflects that defendants' notice of intention to move for a new trial was filed December 12, 1936, and was presented to the trial judge for a ruling thereon January 13, 1937, or 31 days after filing of the notice of intention. When on the last-named date plaintiff filed her written motion to disqualify said trial judge, the latter was thereby divested of authority or jurisdiction to rule on the new trial motion. (*Collins* v. *Nelson,* 26 Cal. App. (2d) 42 [78 Pac. (2d) 758].) ■ During the interim between January 13, 1937, when plaintiff filed her motion to disqualify the trial judge from hearing the motion for a new trial, until September 1, 1938, when such special proceeding instituted by plaintiff was properly disposed of, the power of the trial judge to pass upon the motion was suspended, and the period of time last referred to must be excluded in computing the sixty-day period provided for determination of new trial motions. The order granting the new trial having been made September 2, 1938, the day following disposition of the motion to disqualify the trial judge, we conclude that the total time elapsing between the filing of the notice of intention to move for a new trial and the granting of the same was 32 days. (*Keating* v. *Keating,* 169 Cal. 754, 759, 760 [147 Pac. 974].) To hold otherwise would lead to absurdity, because a party resisting a motion for new trial could defeat it merely by resorting to the proceedings named in section 170 of the Code of Civil Procedure, in the determination of which motion to disqualify the trial judge more than 60 days might

reasonably be expected to elapse, especially if an appeal were taken, as in the instant case.

■ However unusual may appear to be the action of the trial judge, who after allowing time for filing briefs on the motion for a new trial nevertheless on the following day, without notice to the parties, entered an order granting a new trial, the judge had a right to then rule upon such motion. Undoubtedly in the case before us the trial judge became cognizant of the fact that if he permitted the time to elapse which he had granted for filing briefs the sixty-day period within which he could rule upon the motion for a new trial would have expired, whereupon he entered his order. When the trial judge directed the filing of briefs he did not thereby divest himself, as claimed by appellant, of jurisdiction to rule on the motion for a new trial until the allotted time for filing briefs had expired. Obviously, all this was procedural and within the control and discretion of the trial judge. It has been held that the refusal of a trial court to extend to a party the privilege of arguing a motion for a new trial is a matter of discretion resting with the trial court and is not ground for reversal. (*Morel* v. *Simonian,* 103 Cal. App. 490, 495 [284 Pac. 694].) ■ Obviously, if the trial court may refuse to hear argument on a motion for a new trial, he may also decline to receive or read briefs upon such a proceeding.

It is next urged by appellant that the *nunc pro tunc* order of September 12, 1938, assigning as the reason for granting a new trial insufficiency of the evidence to support the judgment, was wholly void. ■ While it is true the trial court has no authority under the guise of an amendment to correct a judicial error or make of record an order that was never made (*Kaufman* v. *Shain,* 111 Cal. 16, 19 [43 Pac. 393, 52 Am. St. Rep. 139]), it is firmly established as the law that where the order entered is not the order made, the court may correct the records to make them speak the truth. ■ Nor is this inherent right to amend suspended or impeded even by an appeal, where the amendment does no violence to the substantial rights of appellant and when the order seeks to correct a clerical mistake. In the instant case no question of laches is involved, because the *nunc pro tunc* order was made ten days after entry of the order sought to be corrected. ■ When a *nunc pro tunc* order is made

every intendment is in favor of the validity and regularity of such order. Every presumption not controverted by the record will be indulged in by the appellate court to uphold the validity of such order. (*Brush* v. *Pacific Electric Ry. Co.*, 58 Cal. App. 501, 505 [208 Pac. 997] ; *Niles* v. *Gonzalez*, 155 Cal. 359 [100 Pac. 1080].)　■　There is nothing in the record before us to indicate that the trial judge did not direct that the order made September 12 should state the ground upon which the motion was granted, but there is in the *nunc pro tunc* order a recital by the trial judge that through "inadvertence and mistake, the minute order of September 2, 1938, fails to state the grounds upon which the motion for a new trial is granted". Added to this is the fact, disclosed by the record, that the order originally entered granting defendants' motion for a new trial and which was vacated on the second appeal expressly specified that the motion was granted on the ground of insufficiency of the evidence, thereby indicating that the trial judge was of the opinion and had in mind that the motion should be granted upon the grounds stated in the amendatory order. We are of the opinion that the *nunc pro tunc* order made September 12, 1938, was a proper exercise of the trial court's rights in the premises. (*Haynes* v. *Los Angeles R. R. Corp.*, 80 Cal. App. 776 [252 Pac. 1072] ; *Gulf Mail S. S. Co.* v. *W. A. Hammond S. S. Co.*, 67 Cal. App. 420 [227 Pac. 938].)

■　Appellant's contention that because the court held in the first appeal that certain of the evidence was sufficient to sustain a verdict for plaintiff, such holding became the law of the case and deprived the trial judge of power to grant a new trial on the ground of insufficiency of the evidence, is without merit. The language in the first appeal relied upon by appellant for the foregoing claim is as follows:

"Upon the record before us, and in the light of the testimony herein set forth, which we must view in the light most favorable to plaintiff, and without consideration of opposing or conflicting evidence, we conclude that such evidence, if believed by the jury, would support a finding . . . Conceding the existence in the record of evidence somewhat in conflict with the foregoing, still such conflict does not destroy the substantiality of the testimony herein quoted from the evidence given by the minor plaintiff and the defendant driver,

because although the trial court may weigh the evidence and judge of the credibility of the witnesses on a motion for a new trial, it may not do so on a motion for a directed verdict.''

The decision on the first appeal dealt only with the propriety of the trial court's order granting defendants judgment notwithstanding the verdict, and was in nowise applicable to a situation presented on the hearing of a motion for a new trial. ▪▪▪ As specifically stated by us in the foregoing language, the restrictions imposed upon a trial judge in the matter of weighing evidence and judging of the credibility of witnesses do not apply when the court is concerned with a motion for a new trial. ▪▪▪ As this court has so often pointed out, when the appeal is from a judgment notwithstanding the verdict, or a judgment following a directed verdict or nonsuit, we are controlled by the rule requiring the appellate tribunal to consider the evidence in the light most favorable to the losing party in the court below, and we do not and cannot express an opinion as to the weight of the evidence or its truth or falsity. Therefore, what we had to say with reference to the evidence on the first appeal herein from the judgment entered notwithstanding the verdict could not be and is not controlling upon the lower court in its consideration of a subsequently made motion for a new trial.

▪▪▪ Appellant next contends that by its first order granting defendants' motion for a new trial on January 13, 1937, the trial court exhausted its jurisdiction to enter any other or further order as to such motion. The cases cited by appellant deal only with the familiar rule that a court may not rule upon a motion for a new trial and then by its own order vacate the ruling and make a new and different order, save and except, of course, when a proper showing is made under section 473 of the Code of Civil Procedure. In the case now under consideration the trial court at no time vacated or changed its order of January 13, 1937, granting defendants' motion for a new trial. It was this court on appeal that vacated and set aside such order, solely upon the ground that the trial judge was temporarily divested of jurisdiction to make the order by reason of the disqualification proceedings instituted by plaintiff herself. By our decision the cause was restored to the trial court to determine in a legal and proper manner the motion for disqualification.

Consequently, when the trial judge, after conforming to the directions of this court with reference to his qualifications, made his order of September 2, 1938, granting defendants' motion for a new trial, he did not make a new or further order, but was in contemplation of law passing upon the motion for the first time, because, as declared by us, the first order was void *ab initio* and never had a legal existence.

We come now to appellant's final contention, that in granting defendants' motion for a new trial the trial court abused its discretion. Plaintiff's cause of action rested upon wilful misconduct of the minor defendant, because plaintiff was a guest in his automobile at the time of the accident. At the trial defendants introduced no evidence whatever and the case was submitted to the jury solely upon the evidence adduced from witnesses produced by the plaintiff. For a detailed statement of the testimony of all eye-witnesses as to the conduct of defendant driver, save and except the testimony of Jack Wilkinson, to which we will later advert, reference is made to the factual situation as shown in the opinion of this court on the former appeal. (16 Cal. App. (2d) 535, 539.)

Based on the testimony just referred to, we adhere to the conclusion expressed by us in the first appeal of this cause when we said: ''Surely it cannot be claimed that driving an automobile with defective brakes at the rate of 45 to 50 miles per hour on Pico Boulevard, 'cutting in and out among the automobiles', constitutes anything but a wanton and reckless disregard of the possible result of a combination of speed, erratic driving and defective brakes.''

It is, however, argued by respondents that the witness Jack Wilkinson created a conflict in the evidence when at the trial he testified as to the speed of defendant's automobile, also concerning what the minor plaintiff said to the defendant driver about the latter's driving prior to the accident, and as to whether or not the Stutz car turned from its path, and which evidence was at variance with statements concerning these facts made by the witness to an insurance company investigator three or four days after the accident. We cannot agree with respondents that the extrajudicial statements of the witness Wilkinson created such a conflict in the evidence as to authorize the trial judge to grant a new trial. Let us assume that the witness was thoroughly impeached and that the trial court not only was justified in

viewing his testimony given at the trial with caution or even suspicion, but was warranted in rejecting the testimony of such witness in its entirety;—nevertheless, without the testimony of this witness, and considering only all the other testimony in the record, the latter presents no conflict whatever, substantial or unsubstantial, on the material issues, but on the contrary is in thorough accord, and certainly, considered as a whole, would be insufficient as a matter of law to support a verdict in favor of defendants herein who moved for a new trial. Such being the case, the order granting the new trial cannot be sustained. (*Moss* v. *Stubbs,* 111 Cal. App. 359 [295 Pac. 572, 296 Pac. 86]; *Gold* v. *Arizona Realty & Mortgage Co.,* 12 Cal. App. (2d) 676, 677 [55 Pac. (2d) 1254], and cases therein cited.) It must be remembered that at the trial the witness Jack Wilkinson gave testimony in absolute accord with and corroborative of the only other testimony in the record, all of which, as heretofore pointed out, was uncontradicted, and points unerringly to conduct on the part of defendant driver from which but one reasonable inference could be drawn, viz., a conscious, reckless disregard on his part of the safety of his guests, coupled with actual knowledge or its equivalent on the part of such driver that injury to his guests would be a probable result of his conduct. While the impeachment of the witness Jack Wilkinson might have warranted the court in disbelieving or ignoring his testimony given at the trial, manifestly his extrajudicial statements made outside the presence of the plaintiff and all other witnesses in her behalf, replete as such statements are with conclusions and opinions, none of which would be competent as evidence upon a trial, while admissible for the limited purpose of impeachment, cannot serve to create a conflict where the record, exclusive of the testimony of the last-named witness, without question establishes the liability of defendants and would as a matter of law require a reversal of a judgment in their favor.

The order granting a new trial is reversed.

York, P. J., and Doran, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 9, 1940.