Filed 12/1/22  Gearing v. Garfield Beach CVS CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RUTH GEARING,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>GARFIELD BEACH CVS, LLC,<br><br>    Defendant and Respondent. | G060807<br><br>(Super. Ct. No. 30-2019-01059332)<br><br>ORDER MODIFYING OPINION AND DENIAL OF PETITION FOR REHEARING; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed herein on November 8, 2022 be modified as follows:

On page 2, the first sentence of the last paragraph, the words "At trial" are replaced with "By the time of trial" so that the sentence reads:

By the time of trial, plaintiff abandoned her contention that the doors were defective.

There is no change in the judgment.

The petition for rehearing is DENIED.


SANCHEZ, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MOTOIKE, J.

Filed 11/8/22  Gearing v. Garfield Beach CVS CA4/3 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| RUTH GEARING,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>GARFIELD BEACH CVS, LLC,<br><br>    Defendant and Respondent. | G060807<br><br>(Super. Ct. No. 30-2019-01059332)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Gregory H. Lewis, Judge.  Affirmed.

Elizabeth Nigro & Associates and Elizabeth Nigro for Plaintiff and Appellant.

La Follette, Johnson, DeHaas, Fesler & Ames, Dennis K. Ames, Marissa A. Warren, and David J. Ozeran for Defendant and Respondent.

\*        \*        \*

Plaintiff Ruth Gearing appeals from a judgment of nonsuit entered against her in a personal injury action against defendant Garfield Beach CVS, LLC. Plaintiff contends the trial court erred in its analysis of the duty of care, and by excluding certain expert testimony. Defendant argues the trial court properly granted nonsuit, but also contends plaintiff's appeal is untimely based on the interaction of plaintiff's motion for new trial and motion to disqualify the trial judge. We conclude the appeal is timely and affirm the judgment, as plaintiff failed to produce admissible evidence that defendant caused her injuries.

FACTS AND PROCEDURAL HISTORY

Plaintiff was injured at a CVS pharmacy owned by defendant in Mission Viejo, California. The injury occurred when an elderly man attempted to manually open the automatic "Exit" door of the pharmacy. The man pulled the crash bar on the door, overriding the motor and triggering a safety mechanism that pushed the door open with 30 pounds of force. The door pushed the man backward into plaintiff, who fell and was injured.

Plaintiff sued defendant, alleging causes of action for negligence and premises liability. Plaintiff alleged the following seven breaches of duty: (1) locating the shopping carts to the left of the exit door, rather than on the right of the entrance door; (2) locating a structural pillar in the vicinity of the exit door, such that plaintiff was forced to walk across the path of the exit door twice; (3) placing a handle on the exit door, inviting attempts to open it; (4) the door snapping open upon being pulled; (5) a "handicap" sticker on the exit door, inviting attempts to open it from the outside; (6) failure of defendant's staff to identify the elderly man who opened the door; and (7) failing to perform daily maintenance on the doors.

At trial, plaintiff abandoned her contention that the doors were defective. Instead, plaintiff contended defendant breached its duty of care in various other ways, as described above. Specifically, plaintiff contended the location of the carts relative to the

2

doors drew plaintiff into the path of the exit door, the danger of which was compounded by the bar on the outside of the door and the "handicap" sticker, which plaintiff argued enticed the elderly man to try to open the door, triggering the accident. Plaintiff also argued defendant failed to warn its customers of the danger involved in attempting to open the exit door from the outside, or in standing near the exit door. Lastly, plaintiff argued defendant failed to identify the elderly man.

At the conclusion of plaintiff's case-in-chief, defendant moved for nonsuit. Defendant argued plaintiff failed to present evidence of defendant's negligence or of an unsafe condition on defendant's premises. The trial court granted the motion, finding there was no substantial evidence the defendant fell below the standard of care.

Plaintiff served a notice of intention to move for new trial on April 28, 2021, and moved for new trial on May 10, 2021. The trial court entered judgment in defendant's favor on May 25, 2021. On the same day, plaintiff moved to disqualify the trial judge. Defendant served a notice of entry of judgment on June 1, 2021.[1] Plaintiff's motion to disqualify was heard by Judge Katherine A. Bacal of the San Diego County Superior Court. Judge Bacal denied plaintiff's motion to disqualify the trial judge on September 15, 2021. The trial court denied plaintiff's motion for new trial 12 days later, on September 27, 2021. Plaintiff filed a notice of appeal on October 25, 2021.

DISCUSSION

On appeal, plaintiff contends the trial court erred in granting defendant's motion for nonsuit, and in making certain underlying evidentiary rulings. Defendant

---

[1] We note the record does not contain a proof of service for the notice of entry of judgment, but based on the parties' use of electronic filing and the lack of any challenge to effective service, we assume the notice was served on June 1, 2021, the same day it was filed.

argues the trial court's decisions were correct, but also contends plaintiff's appeal is untimely. We begin with the timeliness issue.

*Plaintiff's Appeal is Timely*

The timeliness issue raised by defendant arises from the interaction between plaintiff's motion for new trial and her motion to disqualify the trial judge. When, as here, a motion for new trial is filed and denied, a notice of appeal must be filed within the earliest of: "(A) 30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (B) 30 days after denial of the motion by operation of law; or [¶] (C) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.108(b)(1)(A)-(C).) Meanwhile, a motion for new trial is deemed denied by operation of law if the motion is not determined within 75 days after a notice of entry of judgment is served by the clerk of the court or a party. (Code Civ. Proc., § 660, subd. (c).)[2]

The notice of entry of judgment was filed on June 1, 2021. Because August 15, 2021 was a Sunday, the time for the trial court to rule was extended to the following Monday, August 16, 2021. (§§ 660, subd. (c), 12a.) However, as noted above, the trial court did not rule on the motion for new trial until September 27, 2021, and plaintiff did not file her notice of appeal until October 25, 2021. Thus, defendant contends, the motion for new trial was deemed denied by operation of law on August 17, 2021, and plaintiff's time to appeal ran out 30 days later, well before she filed her notice of appeal.

The trial court considered this issue and reached a different conclusion. Relying on *Collins v. Nelson* (1940) 41 Cal.App.2d 107 (*Collins*), the trial court concluded the time for the trial court to rule on the motion for new trial was tolled during the period the motion to disqualify was pending.

---

[2] All statutory references are to the Code of Civil Procedure.

4

In *Collins*, which was decided under an earlier version of section 660 mandating a 60-day period, the trial court *granted* a motion for new trial under very similar circumstances. (*Collins*, *supra*, 41 Cal.App.2d at pp. 112-113.) Just as in this case, the trial court received a motion for new trial but was divested of jurisdiction to rule on the motion by a party's motion to disqualify the trial judge. (*Id.* at p. 112.) While the motion to disqualify was pending, more than 60 days elapsed. (*Ibid.*) On appeal, the nonmoving party contended the trial court lacked jurisdiction to grant the motion for new trial because of the expiration of the 60-day period. (*Ibid.*)

The Court of Appeal rejected this argument. The court determined the 60-day period was tolled during the pendency of the motion to disqualify, when the trial court lacked jurisdiction to rule on the motion for new trial. (*Collins*, *supra*, 41 Cal.App.2d at p. 112.) "To hold otherwise would lead to absurdity, because a party resisting a motion for new trial could defeat it merely by resorting to the proceedings named in section 170 . . . , in the determination of which motion to disqualify the trial judge more than 60 days might reasonably be expected to elapse, especially if an appeal were taken, as in the present case." (*Id.* at pp. 112-113.)

We find the *Collins* court's reasoning persuasive. Defendant makes no effort to distinguish *Collins* or to attack its reasoning, despite the trial court's reliance on that case, and we conclude there is no material distinction between that case and this one and no reason to depart from the clear rule it prescribes.

Accordingly, tolling the 75-day period as prescribed by *Collins*, we conclude the trial court ruled on the motion for new trial well within 75 days after service of the notice of entry of judgment. Plaintiff's notice of appeal was filed within 30 days after the trial court's denial of the motion for new trial. Thus, plaintiff's appeal is timely.

5

*The Trial Court Correctly Granted Defendant's Motion for Nonsuit*

Plaintiff raises several challenges to the trial court's ruling on defendant's motion for nonsuit. Plaintiff contends the trial court failed to fully account for defendant's duty of care as owner or lessee of the property in question, incorrectly excluded certain expert testimony that affected the outcome of the nonsuit motion and failed to properly credit plaintiff's "multiple causes" argument. We begin with the evidentiary issues.

1. Evidentiary Issues

As always, we apply the abuse of discretion standard of review to evidentiary rulings. (*Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 446-447.) "Claims of evidentiary error under California law are reviewed for prejudice applying the 'miscarriage of justice' or 'reasonably probable' harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836 [citation], that is embodied in article VI, section 13 of the California Constitution. Under the *Watson* harmless error standard, it is the burden of appellants to show that it is reasonably probable that they would have received a more favorable result at trial had the error not occurred." (*Id.* at p. 447.)

The first evidentiary ruling plaintiff challenges is the court's sustaining relevance objections to the following two questions posed to plaintiff's expert witness: "All right, now, while you were working for All American Lock Corporation, isn't it true that most of the CVS stores you were servicing were transitioning from the automatic swinging doors like exist at the Mission Viejo store on Marguerite Parkway over to the slider doors, correct?"; and "Would you agree that the automatic slider doors are safer than the automatic swing doors"?

Plaintiff argues this evidence is relevant because it tends to show the doors were inherently unsafe as designed, and that defendant knew it and had a duty to replace them. However, defendant's duty to replace a dangerous condition on its property with a

6

safer alternative only arises when there is, in fact, a dangerous condition. The inherent dangerousness of the automatic door, and a resulting unreasonable risk of harm, as established by expert testimony, was therefore a factual prerequisite for the relevance of evidence regarding potential alternatives. And at no point did plaintiff's expert testify the automatic doors were inherently unsafe. Thus, we cannot say the trial court abused its discretion in sustaining defendant's objections to these questions.

The second evidentiary ruling plaintiff challenges is another relevance objection sustained by the trial court during plaintiff's expert witness's testimony. Plaintiff asked the expert, "Would you agree that the inspections of these doors need to be done on a daily basis as recommended [by] A.A.A.D.M. for the safety of the customers to the store?" Plaintiff argues this evidence is relevant because it demonstrates defendant's "indifference to customer safety relative to the automatic swinging doors." But plaintiff conceded the doors were not defective. The daily inspections recommended by the industry group were designed to ensure that the doors functioned properly. Therefore, there is no evidence to support a causal connection between the inspections (or lack thereof) and the accident, and the evidence was properly excluded.


2. Defendant's Duty of Care

Plaintiff argues the trial court failed to adequately consider defendant's duty of care as an owner or lessee of the property. Specifically, plaintiff contends defendant's duty of care extends beyond ensuring that the doors were operating properly and includes various other components in which plaintiff argues defendant was negligent.

It is true that defendant owed plaintiff a duty to remedy or warn of any known dangerous condition on its property. But the primary basis for the trial court's ruling was not the absence of a duty; it was the absence of a breach of that duty. Plaintiff's various suggestions of defendant's potential breaches of duty all fail.

7

Plaintiff's first suggestion, that defendant failed to adequately inspect or maintain the doors, fails (as discussed above) because plaintiff conceded the doors were not defective. Plaintiff's second suggestion, that defendant did not obtain contact information for the elderly man who opened the door, fails because there is no causal connection between the man's contact information and the accident itself, which had already occurred by the time there was any reason to investigate the man's identity. Plaintiff's third suggestion, that defendant should have removed the crash bar from the outside of the door, fails because the expert testimony on the subject showed that the crash bar was itself a safety feature, designed to prevent a shopping cart from crashing through the glass. Further, there was no expert testimony that the crash bar was unreasonably dangerous—instead, the expert testified the crash bar was "there for a reason."

Plaintiff's fourth suggestion, that the spring to snap the door open should have been reduced from 30 pounds of pressure to 20 pounds, fails for two reasons. First, there was no evidence, expert or otherwise, that this reduction would have prevented the accident. Second, plaintiff's expert testified that 30 pounds of pressure were *required* by the relevant safety industry group in order to ensure that the door could be opened for "fire life safety."

Plaintiff's fifth suggestion, that a more specific warning sign was required, fails because there was no expert testimony that the absence of such a warning created a dangerous condition, or that a more specific warning would have prevented the accident. This expert testimony was necessary, especially in light of the existing "do not enter" and "caution automatic door" warning signs, and the fact that the elderly man who opened the door does not appear to have looked at any of the signs. Plaintiff's sixth suggestion, that the "handicap" sign on the door might have lured the elderly man into erroneously attempting to enter through the exit door, also fails for lack of expert testimony that this was a dangerous condition, or that the handicap sign was located somewhere it should not

8

have been.  Plaintiff's seventh and last suggestion, that a large structural pillar and the location of the shopping carts forced plaintiff to walk through a zone of danger behind the exit door, also fails due to lack of expert testimony that this was a dangerous condition.

### 3.  Multiple Causes

Lastly, plaintiff argues defendant's negligence was at least a contributing factor in the accident, and that therefore the jury should have decided the extent of defendant's responsibility.  But, as discussed above, plaintiff's various theories of defendant's breach of duty all fail, whether for lack of evidence, lack of causation, or by virtue of plaintiff's own concessions.  In the absence of evidence of even a single breach of duty by defendant in the causal chain leading up to the accident, the trial court had no choice but to enter a judgment of nonsuit.

### DISPOSITION

The judgment is affirmed.  Defendant Garfield Beach CVS, LLC shall recover costs on appeal.

SANCHEZ, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOTOIKE, J.

9